CHARLES A. CLARK, Administrator of WARREN S. CLARK, *v.* Heirs of WARREN S. CLARK.

Where a claim against an estate was presented to the commissioners for allowance, and was allowed by them, and a certificate of their allowance was delivered to the claimant, but, by some mistake, the claim was not inserted in the commissioners' report, returned to the probate court, and the estate proved solvent, and the administrator, upon being apprised of the facts, paid the amount to the claimant, without any other proceedings being had in reference to it, it was held, that he was authorized to do so, and that he was entitled to have the amount so paid allowed to him in his administration account.

An appeal from an allowance, by the probate court, of an administrator's account, carries up the whole matter to the county court; and either party will have the right to present any claims, proper to have been acted upon by the probate court, whether they were in fact presented there, or not.

Clark, Adm'r, v. Heirs of Clark.

Whether an administrator has been guilty of neglect in the management of the property of the estate, and whether he has accounted for all the property of the estate, which came to his hands, are questions of fact, in reference to which the decision of the commisssioners, appointed by the county court, on appeal from the probate court, to adjust the administrator's account, is conclusive.

In the case of appeals from the probate court, which come into the supreme court on exceptions to the decision of the county court, the supreme court sits only as a court of error, to revise decisions of the county court upon questions of law.

When the heirs take exceptions to decisions of the county court, in allowing an administrator's account, and the exceptions are all overruled by the supreme court, the supreme court will not proceed to examine questions decided against the administrator by the county court, in reference to which no exceptions were taken, as they would do, if any of the exceptions taken by the heirs were sustained.

The allowance of costs by the county court, upon an appeal from the probate court, is a matter within their discretion; and if the exceptions taken to their decision of questions of law are all overruled, the supreme court will not disturb the allowance of costs, but will allow the prevailing party to tax the costs also of that court.

APPEAL from a decree of the probate court, allowing the account of the plaintiff, as administrator of the estate of Warren S. Clark. In the county court commissioners were appointed to examine and adjust the account, who reported the facts substantially as follows.

The administrator claimed to be allowed for the payment of a note in favor of Solomon Beach against the estate, amounting to $81,85. It appeared, that the claim was presented before the commissioners, by Beach, for allowance, and was allowed by them, and that they indorsed a certificate of their allowance upon the back of the note, but omitted to enter the claim in the list of claims returned to the probate court; and the claim was afterwards presented to the administrator for payment and was paid by him. The administrator also claimed to be allowed for a payment to Hiram Clark of $51,50, in reference to which it appeared, that some time previous to the decease of the intestate he procured Hiram Clark to sign a note with him, as surety, that Hiram Clark supposed the note had been paid by the intestate, before his decease, until some time after the commission had closed, that then the holder of the note presented it to Hiram Clark for payment, and he was compelled to pay it, that

Hiram Clark then claimed, that he should be paid the amount by the administrator, and that the administrator paid it, without any order being made by the probate court. This claim was not presented by the administrator, as part of his account, at the time his account was examined and allowed by the probate court. The administrator also claimed to be allowed $2,00, paid by him for the preaching of the funeral sermon of the intestate, and $30,00, paid by him for grave stones for the intestate, and the expenses paid by him for witnesses and counsel fees, on occasion of the examination of his account in the probate court, and of the proceedings upon the appeal,—neither of which items were presented by him for allowance by the probate court.

The heirs claimed to charge the administrator for decrease in the value of a saw mill, belonging to the estate, and for loss on the sale of the mill, occasioned by want of care on the part of the administrator ; but the commissioners reported, that they did not find, that the administrator had been guilty of any neglect in the matter. The heirs also claimed to charge the administrator with one hundred and thirty three bushels of wheat, unaccounted for ; in reference to which the commissioners reported, that all the wheat raised upon the land of the estate had been accounted for by the administrator in his account, or had been used by the family of the intestate, or delivered in payment for labor on the farm, except twelve bushels, worth $13,50.

The county court, June Term, 1848,—DAVIS, J., presiding,— accepted the report of the commissioners, and decided, that the administrator should be allowed for the payment to Beach, and for the amount paid for the funeral sermon and for grave stones, but not for the amount paid to Hiram Clark, nor for his expenses for witnesses and counsel fees in the adjustment of his account and the prosecution of the appeal, and charged him with the value of the twelve bushels of wheat, as reported, and disallowed the claim made against him by the heirs in reference to the saw mill, and allowed the administrator his taxable costs in the county court; and judgment was rendered accordingly. Exceptions by the heirs.

*J. Cooper*, for defendants, cited Rev. St. 278, §§ 10, 13 ; Ib. 287, § 9 ; *McCollum* v. *Hinckley*, 9 Vt. 143 ; *Woods, Adm'r,* v. *Pettis*

Clark, Adm'r, v. Heirs of Clark.

et al., 4 Vt. 556; Probate Court v. Vanduzer, 13 Vt. 135; Woods, Adm'r, v. Creditors of Eames, 4 Vt. 256.

C. W. Prentiss, for plaintiff, cited Rev. St. 279, § 13; Ib. 284, § 45; Mead et ux. v. Byington et al., 10 Vt. 116; Rix, Adm'r, v. Heirs of Smith, 8 Vt. 365; 2 Penn. 426; 14 S. & R. 64; 2 Williams on Ex'rs 636, n.; Ib. 1141, n.

The opinion of the court was delivered by

POLAND, J. This was an appeal by the administrator from a decree of the probate court upon the settlement of his administration account, and comes into this court upon exceptions taken to the decisions of the county court upon a report of commissioners, appointed to take said account. Several questions have been discussed and are presented for our decision.

1. The first is in relation to the charge of $81,85, in the account of the administrator, for money paid Solomon Beach upon a note against the intestate. The commissioners report, that the note was presented by Beach to the commissioners upon the estate of W. S. Clark, and that it was really allowed by them against the estate, and that a certificate of such allowance was made by the commissioners on the back of the note, but that, by some oversight, it was not stated in their report, returned to the probate court; and that afterward Beach presented the note to the administrator, and he paid it, and charged the amount in his administration account. It does not distinctly appear from the commissioners' report, at what precise time the administrator paid this claim to Beach; and it is not perhaps material, except for the purpose of determining what would have been the legal remedy for Beach to have pursued, to get his debt, in case the administrator had refused to pay it to him. The claim had in fac tbeen presented to, and been allowed by, the commissioners, and the mere fact that it was omitted in the report would not deprive the claimant of his right to receive payment out of the funds in the hands of the administrator. The report might have been recommitted to the commissioners for correction, or the probate court might have re-opened the commission, to have the claim again presented. Under these circumstances, if the administrator thought best to pay the claim without this expense, and did do so, we

Clark, Adm'r, *v*. Heirs of Clark.

think it was clearly within the proper power of the probate court to allow the amount to him in his administration account, and, from the facts reported by the commissioners, their duty to do so. We think the principle of allowing this claim is fully established by the case of *Mead et ux.* v. *Byington et al.*, 10 Vt. 116.

2. As to those items allowed to the administrator by the commissioners not included in his account presented to the probate court, The counsel for the heirs contends, that nothing could be litigated on an appeal from a decree, in such a case as the present, except items presented to and acted upon by the probate court in the first instance; but such objection is clearly unfounded. The appeal carried up the whole matter to the county court, and either party could have the right to present any claims, proper to have been presented and acted upon by the probate court, whether in fact presented there, or not. The county court sit to try the whole matter involved in the administrator's accounting, and not to revise the errors of the probate court merely.

3. As to the claims against the administrator by the heirs. Whether the administrator had been guilty of any such neglect in the management of the saw mill, as to subject him to any charge for the loss of its use to the estate, or whether he had been guilty of such neglect and mismanagement in not making a sale of it, were wholly questions of *fact*, which have been fully decided and reported by the commissioners. So in relation to the claim for wheat. The commissioners have reported, that they have charged him with all that was raised, except such as was used by the family, and, in other ways, for the benefit of the estate. Whether the commissioners came to correct conclusions upon these questions, or not, cannot be inquired into here. Their finding upon any question of fact is as conclusive as that of a jury, or of an auditor in an action of book account. In the case of appeals from the probate court, which come into this court on exceptions to the decision of the county court, this court sit, not as a supreme court of probate, (as was formerly the case, where appeals were made directly into the supreme court,) but only as a court of errors, to revise decisions of the county court upon questions of law.

4. The county court, upon the report of the commissioners, disallowed the claim of the administrator for the sum paid Hiram

Clark, and also disallowed his claim to be allowed for counsel fees before the probate court and on the hearing before the commissioners; but no exceptions were taken by him to this disallowance, we have therefore no occasion to examine into the propriety of the decision of the county court upon these items. If the judgment of the county court had been reversed upon any of the exceptions taken by the heirs below, it would then become the duty of this court to examine the whole case and render such judgment, as the county court ought to have rendered; but as all the exceptions taken are overruled, we cannot re-examine any questions, which were decided against the other party, and to which decisions no exceptions were taken. *Wheelock* v. *Moulton,* 13 Vt. 430. *Cumings et al.* v. *Fullam,* Ib. 434.

5. The allowance of costs by the county court being a matter within their discretion, and their judgment being affirmed in every particular, we think their allowance of taxable costs to the administrator should not be disturbed; and he will be entitled to his costs in this court.

Judgment affirmed.