Allen, Adm'r, *v.* Rice.

CARY ALLEN, Administrator of SYLVESTER EDSON, *v.* BUSHROD W. RICE.

Where a claim against an estate represented insolvent was exhibited to the commissioners and allowed, while the statute of 1821, in reference to the " settlement of estates," was in force, and the administrator filed objections to the claim, in the probate court, pursuant to section ninety four of that statute,* the effect was, to vacate the allowance of the claim; and, if no farther proceedings were had, the claim would be barred.

And if an offset to the claim against the estate were filed by the administrator and allowed by the commissioners, and a balance reported due to the claimant, the allowance of the offset, as well as of the principal claim, would be vacated by the filing of objections to the principal claim, under that section.

The commissioners have no jurisdiction of claims in behalf of the estate, except as offsets to adversary claims; and if those claims are abandoned by the claimant before final judgment, the offset cannot become the basis of a separate judgment.

DEBT upon a judgment of commissioners. The action was originally brought against Rice, Asaph Fletcher and Grover Dodge ; but Fletcher deceased, during its pendency in the supreme court, and Dodge was discharged upon a plea of bankruptcy.

The plaintiff alleged in his declaration, that commissioners were duly appointed, June 27, 1839, upon the estate of Edson, of which the plaintiff was appointed administrator ; that on the eighteenth of December, 1839, the defendants presented before the commissioners a claim against the estate, upon a promissory note, and the administrator then presented, as an offset, certain claims in favor

---

* By which it was enacted " That if any claim, exhibited to such commissioners, shall be ' allowed in favor of or against the estate, which ought not to be allowed, or for a greater ' sum, than was justly due, the party aggrieved may, at the time the commissioners shall re- ' turn their report to the probate court, or within twenty days afterwards, if such sum allowed ' amount to twenty dollars, file objections thereto, in writing, in the probate court ; and shall ' notify the claimant in such manner as said court shall direct. And, if such claimant shall ' fail to prosecute such claim, at the next stated session of said supreme court, on a declara- ' tion thereon, there to be produced and entered, in the same manner as is directed in case of ' a claimant's appeal in the preceding section of this act, then the claims allowed and objected ' to shall be forever barred ; but if the same, or so much thereof, as was allowed by the com- ' missioners, be allowed by the judgment of the supreme court, the claimant shall recover ' cost." Slade's St. 354.

of the estate against the defendants; that the commissioners allowed to the defendants, upon the claim presented by them, $1408,09, and placed the same in one column of the report, which they were preparing for the probate court, and allowed to the plaintiff, as administrator, upon the offset presented by him, the sum of $696,07, and placed the same in another column of their report, and placed the difference between those two sums in a third column, as the balance due from the estate to the defendants, being $712,02; that the commissioners made their report to the probate court, March 19, 1840, showing the allowances above named, and on the twenty fifth day of March, 1840, the plaintiff, as administrator, filed before the probate court his objections, in writing, to the claim allowed by the commissioners in favor of the defendants, upon the note presented by them, of which objections due and legal notice was given to the defendants, in compliance with an order made by the probate court to that effect; and that the defendants wholly failed to prosecute their claim, upon their said note, at the then next ensuing term of the county court, or at any other term thereof, after the objections were filed;—by reason of which the plaintiff alleged, that the claim of the defendants upon their note had become barred, and the allowance by the commissioners in favor of the plaintiff, as administrator, upon the claims presented in offset, remained in full force, as a judgment; and the plaintiff claimed to recover the amount thereof, as a debt. The defendants demurred to the declaration.

The county court, May Term, 1843,—HEBARD, J., presiding,—adjudged the declaration insufficient. Exceptions by plaintiff.

*T. Hutchinson* for plaintiff.

There is no similarity of principle between this case and a suit at common law, where an offset is pleaded and a nonsuit entered before trial. In such a case either party may sue again; but not so in the present case. When the defendants presented their claim before the commissioners for allowance, that gave them jurisdiction over all the mutual claims on both sides, and, if the defendants could *oust* that jurisdiction before a trial, by withdrawing their claim, they surely could not do it after a hearing and decision upon the merits, and after the decision had become a matter of record in the probate court. That record concludes all parties, until reversed

or altered in some way pointed out by statute. The defendants, after objections had been filed by the plaintiff, did not prosecute their claim in the county court, and of course it became barred. They did not file any objections to the claim allowed to the plaintiff, and of course that remains in as full force, as it ever was. The object of the statute, in requiring these allowances to be placed in different columns was to keep them distinct, so that none should pass to the appellate court, that were not objected to. In a civil suit, the offset may affect the bill of cost; but in cases appealed from the probate court costs are in the discretion of the court.

*Tracy, Converse & Barrett* for defendant.

This case is governed by the statute of 1821. Sl. St. 352–354. Sec. 89 of that statute provides for the appointment of commissioners to "*receive*, examine and adjust all claims." Sec. 93 provides for an appeal from the judgment of commissioners, when they disallow claims to the amount of $20. An appeal under this section vacates the judgment of the commissioners. *Campbell* v. *Howard*, 5 Mass. 376. *Prob. Court* v. *Rogers et al.*, 7 Vt. 198. *Love* v. *Estes*, 6 Vt. 286. *Bates* v. *Kimball*, 2 D. Ch. 83. *Keen* v. *Turner*, 13 Mass. 265. 2 Vt. 521. The filing of objections under sec. 94 operates as an appeal, the same as under sec. 93; this is fully sustained by the case of *Prob. Court* v. *Rogers et al.* By the neglect of the defendants to prosecute their claim, that claim has become barred; but if this revived the judgment of the commissioners, or if their judgment was never vacated by the appeal, then the *entire judgment* is revived, and remains in force. The *judgment* of the commissioners was for the *balance* found due, after deducting one claim from the other; the offset does not constitute the judgment, nor the claim of the opposite party. The filing of an offset is not a distinct suit; it is a mere mode of defence, allowed by statute. *Olcott* v. *Morey*, 1 Tyl. 212. The commissioners have no jurisdiction of the offset in favor of the estate, except in connection with claims presented against the estate. The judgment of the commissioners being vacated by the appeal, the plaintiff is remitted to his original cause of action. The offset cannot remain in court, after a disposition of the principal suit; any thing which operates a discontinuance of the principal suit necessarily puts the defendant out of court.

The opinion of the court was delivered by

REDFIELD, J.  In this case the defendant and two others, who have gone out of the suit, presented a claim against the estate, which the plaintiff represents, to which the plaintiff replied in offset, and the commissioners allowed both claims.  The plaintiff filed objections to the defendant's claim under the statute of 1821.  The defendant took no farther proceedings; and the plaintiff has now brought this action of debt upon the allowance of his claims on behalf of the estate, claiming that in consequence of his filing objections to the defendant's claim, and no farther proceedings being had, the defendant's claim is barred, and that the allowance of the offset still remains in force.

It is not denied, that the filing of objections in the probate court did have the effect to vacate the allowance of the defendant's claim, and, there being no farther proceedings, that that is barred.  But it is claimed, that the allowance of the claim, on the part of the estate, is to be regarded as a separate, independent adjudication, and, as such, that it remains in full force.  If this be so, it is different from the common case of an offset, which ordinarily falls with the principal action.  In this particular class of cases, the commissioners have no jurisdiction whatever of claims on behalf of the estate, except as offsets to adversary claims.  If these claims are abandoned by the claimant before judgment, most undoubtedly the offset cannot become the basis of a separate judgment.  After a judgment by the commissioners, and objections filed, which is virtually an appeal as to the principal claim, the entire doings of the commissioners, as to these parties, are to be considered as vacated, or else the claim of the estate is fixed in the probate court, and could not be pleaded in offset in the county court, if the plaintiff desired it.  But this was never so considered under that statute ; nor was it deemed necessary for any thing more to be done, than was done in the present case, to vacate the judgment of the commissioners on both sides. This is consistent with the cases referred to.  *Probate Court* v. *Rogers,* 7 Vt. 188.  *Bates* v. *Kimball,* 2 D. Ch. 83.

It does not occur to me, that the *substance* of the statute of 1821, in regard to this subject, is essentially different from the present Revised Statutes.  In either case the filing of objections to the allowance of a claim and giving notice of the same to the adverse

party is substantially the appeal. In either case the claimant files his declaration in the county court. If he omitted to do this, his claim was barred in both cases. The principal difference, which I notice, seems to be, that under the Revised Statutes the appellant, in all cases, enters the appeal, and by the old statute, when objections were filed, the claimant entered the appeal in the county court, or by omitting so to do, his claim became barred; and there seems to be no provision for the party filing objections to obtain costs, unless the claimant takes farther proceedings.

But whether the claimant stops, upon the filing of objections, or at any other stage in the proceedings, before, or after, his claim is barred, and the offset, on the part of the estate remains, as if no such claim had ever been presented to the commissioners, to be pursued in the ordinary mode, and not liable to be encountered by any offsets.                          Judgment affirmed.