THRALL & SMITH, *Appellants, v.* JAMES E. SEWARD *Adm'r of* IRA
SEWARD.

*Partnership.    Payment.    Release.    Evidence.    Statute.    Administrators.*

Thrall & Pond had been law partners and as such had been retained by the defendant's intestate in certain suits. Pond sold out to the plaintiff Smith, and Thrall and Smith formed a new partnership, but Smith did not acquire the right to be substituted for Pond as partner with Thrall in their subsequent services in those suits without the consent of Thrall; but the services were rendered by the new firm, Thrall & Smith, jointly, Smith preparing and arguing the cases, and making the charges on the company books as other company business. This was done with the full knowledge of Thrall and the intestate, and without objection on the part of either. *Held,* that neither Thrall nor the intestate's administrator can now make objection that the claim for said services, is not a joint claim of Thrall & Smith.

After the intestate's death Thrall claimed these charges (being the items in dispute) before the commissioners as a several demand in his favor, and Smith as a partnership demand. Thrall's claim was allowed and paid, he giving a release under seal for the firm Thrall & Smith, though long after its dissolution. *Held,* that as the facts in the case do not show that the payment to Thrall was a fraud on Smith, the payment was valid and the release binding upon the firm.

*Held,* that Smith was a competent witness to testify on the part of the plaintiffs relative to the contract or understanding between Smith and Thrall as bearing upon the question whether these items were a partnership claim.

Under § 24, ch. 36, p. 327, General Statutes, which provides when, in case of the death or insanity of one party, the other may be a witness, it is held that a party has the same right to testify in actions of book account, and where the matter at issue and on trial is proper matter of book account, as in other actions, and in addition, the right to testify to the hand writing of his charges and when made.

APPEAL from the decision and report of the commissioners of claims against the estate of Ira Seward, deceased, intestate, on the disallowance of a claim on book account in favor of Thrall & Smith, the appellants, against the said deceased, to an amount exceeding twenty dollars.

The case was referred to John Prout, Esq., as auditor, who reported as follows : "I find that prior to the accruing of the plaintiffs' account, the plaintiff Thrall and A. Pond, Esq., were partners in the practice of law, at Rutland, and that during the existence of said partnership, they, the said Thrall & Pond, were employed by the deceased, Ira Seward, to defend the several suits referred to in the charges numbered from 1 to 18, inclusive, of the plaintiffs' ac-

count; that some time prior to the 16th day of March, 1848, Pond removed from said Rutland to the state of New York, but retained an interest in the business of the firm of Thrall & Pond, which had been commenced and was pending at that time. I further find that on the 16th day of March, 1848, the plaintiffs entered into co-partnership in the practice of law, at said Rutland, to take effect from that date, in which the plaintiffs were to share in proportions of two-thirds to said Thrall and one-third to said Smith in the new business of said firm, and which should be commenced from and after that date, but which co-partnership of Thrall & Smith did not, by agreement of the parties thereto, extend to and include the business, then on hand and pending, of Thrall & Pond. I further find that during the September Term, 1848, of the Rutland County Court, the plaintiff Smith entered into a negotiation with Pond, who was desirous of disposing of his interest in the business of Thrall & Pond, and then pending in court, and purchased his interest therein, and paid said Pond therefor the sum of one hundred and twenty-five dollars, and that this arrangement was made between them with the knowledge of the plaintiff Thrall, and that he made no objection thereto. The said Ira Seward also had notice of this arrangement from Smith and made no objection thereto. Thereupon the firm of Thrall & Smith entered an appearance in said firm name, in the cases referred to, and Smith assisted in their preparation for trial, argued them in court, and carried and entered the charges therefor in the company books of the plaintiffs, and upon their company docket, from time to time as their services were rendered.

I further find, that upon the point whether said charges should be allowed against the administrator of Ira Seward, the only question contested was whether said charges were the private claims of the plaintiff Thrall, or whether they were the claims of the plaintiffs Thrall & Smith, the administrator not contesting said charges in any other respect or particular. Thrall the plaintiff appeared before me for and on behalf of the administrator, though he did not appear on the docket as his attorney, and "*admitted*" before me that Smith was not interested in those claims or charges, and offered himself as a witness to testify upon the question made and contested as aforesaid.

To his admission as a witness the plaintiff Smith objected, but I allowed him to testify upon that point, as well as the plaintiff Smith, to which Thrall on behalf of said administrator also objected.

I further find that Thrall presented an account in his own individual name and for the same charges or services, before the commissioners on the estate of Ira Seward, and which were allowed in his favor, but when they were charged by Thrall on his books did not appear, and that Thrall gave a bond of indemnity to the administrator, with surety, to indemnify him against that portion of the claim of Thrall & Smith, and being the items in dispute in this cause. I further find, that a very few days before the hearing before me the administrator paid Thrall the amount of said allowance by the commissioners, and that Thrall thereupon executed and delivered to the administrator a release under seal in behalf of the firm of Thrall & Smith. Said release was offered in evidence by Thrall in behalf of said administrator, to the admission of which the plaintiff Smith objected. I find that said release was executed long after the dissolution of the plaintiffs, and but a few days before the hearing before me. Said release was admitted and read in evidence. I further find that the administrator did not appear before me on the hearing, and that he was represented by no other counsel than the plaintiff Mr. Thrall, and that with respect to his employment to defend this suit, he testified that he was to charge the administrator nothing for his services.

I further find that for several years past Thrall has been somewhat embarrassed, and has not during that time had any known property open to attachment, but whether he is actually insolvent or not did not appear, and no evidence was introduced showing whether Thrall was indebted to Smith on account of said partnership or not.

The plaintiff Smith claimed that the execution of said release was a fraud upon his rights upon the facts found, and that the plaintiff Thrall could not discharge said partnership claim after the dissolution of said firm. The questions are submitted to the court.

No question was made as to the other items of the plaintiffs' account, and it was conceded that they were entitled to recover the amount of those charges with interest thereon. The administrator, before the allowance of said Thrall's claim, as above set forth, by

the commissioners, was notified by Smith that said claim was a partnership claim of the plaintiffs, and that he should require him to pay it to him, Smith.

If, upon the foregoing facts, the court should be of opinion that the plaintiffs are entitled to recover the amount of said disputed items, I then find for the plaintiffs to recover of the defendant, to balance book accounts, the sum of $298.55, with interest thereon computed after one year, on the yearly balances up to the 1st day of October, A. D. 1864, and computed at $242.35,—making in the whole $540.90.

But if the court should be of the opinion that the plaintiffs are not entitled to recover said disputed items, I then find for the plaintiffs to recover to balance book accounts, the sum of $108.53, and interest computed as aforesaid at $86.34, making in the whole $194.87."

The defendant excepted to the report on the ground that the auditor improperly admitted the the testimony of W. H. Smith, one of the plaintiffs, although objected to by the administrator.

On the hearing on the auditor's report, at the September Term, 1864, KELLOGG, J. presiding, the court decided that the said Thrall & Smith, appellants, were entitled to recover against the estate of the said intestate the largest sum reported by the auditor, and rendered judgment for the same, with the costs of suit, accordingly, and directed the said judgment to be certified to the probate court. To the said decision, judgment, and direction, the administrator of the said intestate excepted.

*R. R. Thrall,* for the defendant, maintained that the release was valid and binding, though made after the dissolution of the partnership, and cited Gow on Partnership, p. 77 and note; *Salmon & Brown* v. *Davis,* 4 Binn. 375; *Arton* v. *Booth,* 4 Moore, 192; *Furnival* v. *Weston,* 7 Moore, 356; *Bulkley* v. *Dayton,* 14 Johns. 387; Collyer on Partnership, pp. 259, 378, 380, 381.

That the auditor mistook the law in admitting W. H. Smith to testify in support of the plaintiffs' claim. G. S., p. 327, ch. 36, § 24.

*W. H. Smith,* for the plaintiffs.

I. The plaintiff Smith was a competent witness upon the ques-

tion involved before the auditor, as to which his testimony was received. The question at issue was solely as to a contract between the plaintiffs. The case is not within the *mischief* for which the statute intended a *remedy*, but is within the *exception* in the statute. G. S., p. 327, § 24.

II. The release by Thrall should not be allowed to defeat the plaintiffs' claim. His interest is wholly *adverse* to the plaintiffs' claim. *Pierson* v. *Hooker*, 3 Johns. 68; *Bulkley* v. *Dayton*, 14 Johns. 388; *Robbins* v. *Fuller*, 24 N. Y. 572. Under the circumstances of the case it was a fraud upon Smith. Collyer, p. 475, § 501, and notes; *Gram* v. *Caldwell*, 5 Cow. 489, 493; *Dob* v. *Halsey*, 16, Johns. 34; *Everinghim* v. *Ensworth*, 7 Mod. 326; *Pardey* v. *Powers*, 6 Barr. 492. The case discloses a *scheme* by which to defeat the *valid* claim by settling the *invalid* one, and thus cheat the third party, a *bona fide* creditor,—therefore the release will not be allowed to operate as against the innocent party. *Barker* v. *Richardson*, 1 Y. & J. 365; *Phillips* v. *Claggett*, 11 M. & W. 83. Thrall could not discharge the claim after dissolution, his agency as a partner ceased on account of his insolvency. Story's Part. § 328; 1 Greenl. Ev., § 112, p. 140. Acts in breach of *his duty* not binding. Story's Agency, § 125; 3 Kent, 44, 45, &c. The defendant has *no interest* in this release. He is fully protected by the bond of Thrall and sureties.

In many of its features this case is distinguished from any and all the cases found, and should not be sacrificed under *technical* rules ordinarily applicable to cases somewhat similar. The *defendant* has never made any defence here. *He* is not represented here even by an attorney. Thrall does not claim any *employment*. The litigation is solely between the plaintiffs. This claim up to two days before the audit was wholly without pretence of defence.

PECK, J. It is insisted on the part of the defence that the items in dispute, being items numbered from 1 to 18 inclusive, never accrued to Thrall & Smith, but to Thrall alone. The items accrued for services as attorneys in certain suits in the county court during the co-partnership of the plaintiffs, but did not come within the scope of co-partnership articles of the plaintiffs, as their co-partnership contract did not embrace the business pending at the formation

of the partnership. Thrall & Pond had previously been partners, and as such retained by the intestate in those suits. When Smith bought of Pond his interest in the ·pending business of Thrall & Pond, he did not thereby acquire the right to be substituted for Pond as partner with Thrall in their subsequent services in those suits, without the consent of Thrall; but the services having been rendered by them jointly, Smith arguing the cases in court, the charges being made, as they accrued, to the intestate on the company books of the plaintiffs as other company business, with the knowledge of Thrall, and without objection on his part, he knowing at the same time that Smith had purchased Pond's interest, the assent of Thrall to treat these services as partnership business sufficiently appears. After such election and acquiescence he cannot, as between him and Smith, object. The intestate having been informed of this arrangement, and making no objection, and allowing Smith to act on it, it is too late for his administrator to make the objection that the claim is not a joint claim of Thrall & Smith.

The next question is whether these items have been paid or released in such manner as to bar a recovery for them. The payment to Thrall and release by Thrall must be regarded as a payment and release of these items *in fact*. The allowance in favor of Thrall by the commissioners was based on these items, and the payment was in fact a payment of these items. This also appears by reference to Thrall's release to the defendant. But it is insisted by Smith on the part of the plaintiffs, that the payment to Thrall is a fraud on him and ought to be disregarded. If the facts show that the transaction was a collusion between the administrator and Thrall to defraud Smith, and that it will have that effect unless set aside, it must be held inoperative. We see no bad faith on the part of the administrator. When both Smith and Thrall claimed these items before the commissioners, Smith claiming them as a partnership demand, and Thrall as a several demand in his favor, the administrator had a right to make the arrangement he did with Thrall to shield the estate from the expense of litigating a question between Smith and Thrall in which neither he nor the estate he represented had any interest.

There is nothing in the case showing that the payment to Thrall

will operate as a fraud on Smith.    Generally, even after dissolution, either partner has a right to receive payment of partnership demands. What is stated by the auditor as to Thrall's pecuniary circumstances is not sufficient to show that the payment was a fraud on Smith. It does not appear but that as between Thrall and Smith, Thrall has a right to retain the money paid ; for the auditor states that no evidence was introduced showing whether Thrall was indebted to Smith on account of the partnership or not.    If we could assume that each was entitled to share in this entire demand in such proportion as he was to share in the partnership business, Thrall by this payment has not got his two-thirds of the entire demand.    Even if the administrator was bound to pay to each his share, he was not bound to divide and apportion each payment.    Suppose no payment had been made, and there should be a recovery in this suit to the full amount claimed, and the probate court should order the administrator to pay the debt ; would not a payment of this debt to either partner be valid ?    But it is manifest that neither could object to a payment to the other until that other had received more than his share.    The administrator has the same rights in relation to payments made pending the suit.    The payment must be allowed in reduction of the plaintiffs' claim.

The defendant insists that the auditor erred in admitting Smith to testify on the part of the plaintiffs, relative to the contract or understanding between Smith and Thrall as bearing upon the question whether these items were a partnership claim.    The statute provides that in all actions except actions of book account, when one of the original parties to the contract or cause of action in issue and on trial is dead or insane, the other party shall not be admitted to testify in his own favor ; and further provides, (subject to the same exception of actions of book account), that where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, *unless the contract in issue was originally made with a person who is living and competent to testify*, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator.    The object of the *proviso* was to protect the estate of a deceased person from an apprehended danger of allowing the surviving party to an alleged contract

or transaction to testify, when the other party is no longer alive to meet, contradict or explain it. In this case the liability of the de-ceased was not in dispute. That liability was not to be increased or diminished by the determination of the question upon which Smith was allowed to testify. The contract to which he testified was not a contract to which the deceased was a party, nor one in which he was interested. Both parties to that contract were alive and competent to testify.

The contract was collateral, but if it was "the contract in issue" within the meaning of the statute, Smith was a witness, as it *"was originally made with a person living and competent to testify."* The case does not come within the mischief intended to be guarded against, and is not within the spirit and meaning of the prohibition already mentioned. Smith was competent to the extent he was allowed to testify, unless he is excluded by the last provision in that section, which is as follows : " Provided further, that in actions of book account, and where the matter at issue and on trial is proper matter of book account, the party living may be a witness in his own favor so far as to prove in whose hand writing his charges are, and when made, and no further." The restrictive provision last above recited is the only one which in terms applies to actions of book account, and if construed literally, the party in this form of action can never testify where the other party is dead, except to the hand writing of his charges and when made, and is excluded from testifying to other matters in relation to which he is allowed to testify in other forms of action. Considering that parties nearly ever since the organization of the state have been allowed to testify in actions of book account without reference to the decease of the other party, it can hardly be supposed that the legislature by this recent statute extending the right to parties in other actions to testify, intended to restrict the right in actions of book account, to more narrow limits than in other actions. We think, taking the whole section together, the intention was to give a party the same right to testify in actions of book account, and where the matter at issue and on trial is proper matter of book account, as in other actions, and in addition, the right to testify to the hand writing of his charges and when made. This interpretation may seem like doing violence to

the language, but a different interpretation, in our judgment, would be contrary to the purpose and intent of the legislature. The special clause in reference to book actions was designed, as we think, to enlarge the right in this form of action in the particulars specified, rather than to restrict it to a more narrow limit than that assigned to other actions. Under this construction of the statute, Smith was a competent witness to the point to which he was called to testify. It was indifferent to the intestate whether his liability was to Thrall & Smith, or to Thrall alone.

Judgment of the county court reversed, and judgment for the plaintiffs for the smaller sum found due by the auditor.