## WOODBURY v. WOODBURY'S ESTATE.

*Appeal from Decision of Commissioners. Evidence. Competency of Witnesses under s. 24, c. 36, of the Gen. Sts.*

An appeal from the decision and report of commissioners upon an estate, vacates the judgment of the Probate Court, and carries the whole matter of claim and counterclaim before the County Court, to be acted upon as if it had original jurisdiction, and the same are to be litigated and adjudicated in that court without regard to what was adjudicated by the commissioners.

Where the commissioners' report does not show what claims were exhibited to them, it is competent, on appeal from their decision, to show that fact by evidence *aliunde*.

The provision of s. 24, c. 36, of the Gen. Sts., "that in actions of book account, and when the matter at issue and on trial is proper matter of book account, the party living may be a witness in his own favor so far as to prove in whose handwriting his charges are, and when made, and no further," is not confined to cases where the action is, in form, book account, but is applicable in *any suit* or *proceeding* where such matter is at issue and on trial.

Plaintiff's cause of action was all matter of contract with the intestate, and that was in issue. The defendant estate pleaded accord and satisfaction, and to support the plea, introduced a paper writing from the intestate to the plaintiff. *Held*, that the plaintiff was not a competent witness to explain said writing, and to show what was said and done when it was made and delivered to him.

APPEAL by the plaintiff from the decision and report of commissioners on the defendant estate. Declaration in general assumpsit. Plea, general issue, and notice of settlement and offset. Trial by jury, and verdict for defendant, December Term, 1874, Ross, J., presiding.

On trial, plaintiff offered to show that he presented certain claims and accounts before the commissioners, at one of their sessions, which claims and accounts were not shown by the report of the commissioners, and the plaintiff claimed that the commissioners, through mistake, did not report upon said items and offered to show the same by one of said commissioners; but the

court held that plaintiff must be governed by the report of the commissioners, and that any and all claims not shown by their report, should be excluded, and excluded all testimony upon that point; to which plaintiff excepted.

Plaintiff also presented a book of accounts, and offered to show that he had his charges on the same against the estate, and offered himself as a witness to prove that said charges were in his own handwriting, and that the subject-matter thereof was proper matter of book account; but the court ruled that the plaintiff could not be a witness to that fact, for the reason that the action was assumpsit, and not an action of book account; to which plaintiff excepted.

It appeared in evidence that at some time a writing was made and signed by the deceased and given to the plaintiff, which was introduced by the defendant, and it was claimed by defendant that it showed a settlement between the parties of all matters up to the date thereof. The plaintiff offered himself as a witness to what was said and done at the time said writing was made and delivered to him, and to explain the same, and claimed that it should be submitted to the jury for construction; but the court held that plaintiff could not testify; to which plaintiff excepted.

The court told the jury that plaintiff must show that the items or property that he had charged, went into the hands and possession of the deceased, or went to his benefit in some way, in such a manner that the deceased was indebted to plaintiff therefor, and that there was no direct evidence of the delivery of the property charged that the court recollected, except what was sworn to by one Collier, and what was testified to as to admissions and statements that were made before the commissioners by the executor of the deceased. The court fully explained the foregoing instruction to the jury. The charge in other respects was satisfactory. To this part of the charge, plaintiff excepted, for the following reasons, viz: the plaintiff introduced one Harris, who testified that on a certain occasion a short time before the death of the deceased, witness was at plaintiff's house in Hardwick, and the deceased came there and asked plaintiff to look over accounts; that plaintiff took an account book, and both parties went into

another room and were gone some time; that when deceased came out, witness assisted him in getting his team, and that the deceased at that time told witness that they had looked over, but hadn't reckoned up, but he thought he was owing plaintiff more than he had any idea of, or more than he expected—that they had never settled before. One Morse also testified on the part of plaintiff that he heard that conversation, and that the deceased said they had looked over, but had not fully settled. The testimony of these witnesses was given its full weight on the question of settlement.

*Burke & Bates* and *L. D. Hathaway*, for the plaintiff.

The evidence offered to show that it was by mistake that the commissioners did not report on the claims and accounts exhibited by the plaintiff, should have been received. The appeal vacates the judgment of commissioners, and carries up the whole matter. *Mead and wife* v. *Byington & Marsh*, 10 Vt. 116; *Clark* v. *Heirs of Clark*, 21 Vt. 490; *Allen* v. *Rice*, 22 Vt. 333; *Stearns* v. *Admr. of Stearns*, 30 Vt. 213; *Morse* v. *Low*, 44 Vt. 561.

As to the second exception, we contend that by a fair construction of the statute, the form of action, whether assumpsit or book, is of no consequence, provided the matter at issue and on trial is proper matter of book account. Gen. Sts. c. 36, s. 24; *Thrall & Smith* v. *Seward, admr.* 37 Vt. 573; *Johnson* v. *Dexter*, Ib. 641; *Hunt* v. *Kittridge*, 41 Vt. 359; *Jewett, admr.* v. *Winship*, 42 Vt. 204.

The court erred in not permitting plaintiff to testify to what was said and done at the time the writing was made.

The testimony of Harris and Morse *tended* to show that deceased was indebted to plaintiff for the property charged in his account.

*Heman Carter*, for the defendant.

The court below was correct in excluding all parol testimony in regard to the plaintiff's claims that were not shown by the commissioners' report. If they were not presented to the commis-

sioners, they were barred.  Gen. Sts. c. 53, s. 14; *Ewing* v. *Griswold*, 43 Vt. 400.

If by fraud or accident the claimant has been prevented from presenting his claims within the time limited, or if by fraud, accident, or mistake the commissioners fail to report upon the claims presented, the remedy is by petition to the Probate Court to have the commission renewed ; or at best in a court of equity.  *Dickey* v. *Corliss*, 41 Vt. 127.

The County Court has appellate jurisdiction, and can only revise that which was acted upon by the commissioners.  *Adams* v. *Adams*, 21 Vt. 162.

The plaintiff's action was general assumpsit; the plaintiff was therefore properly excluded from testifying at all.  Gen. Sts. c. 36, s. 24 ; *Hunter* v. *Kittridge's Estate*, 41 Vt. 359.

The main issue on trial was the question of settlement, therefore the testimony of the plaintiff was properly excluded in reference to what was said and done at the time the writing was made. Gen. Sts. c. 53, s. 24.

The opinion of the court was delivered by

BARRETT, J.  I.  Sec. 14, c. 53, Gen. Sts., makes the failure to exhibit the claim to the commissioners within the time prescribed, a bar to recovery on it.  This embraces, and has reference to, any and every distinct subject and item for which the party claims to be allowed.  The report of commissioners returned to the Probate Court, ordinarily states only the aggregate of claims when made up of a variety of items, like accounts, and the aggregate of offset, and shows the aggregate of allowance and disallowance, and the resulting entire balance, without showing the detail as to what particular items are allowed and disallowed. It is so in the present case, as shown by the copies of appeal. The report, therefore, would not show the claim in items, and so, for this reason if no other, could not be conclusive whether particular items of claim had been exhibited to the commissioners or not.  In the present case, the specifications show that the claim of the plaintiff was made up of a large number of items, embracing a great variety of subjects, all presented in the form of a

13

current account of debt and credit. The appeal vacates the judgment of the Probate Court, and carries the matter of claim and counter-claim before the County Court, to be acted upon as if it had original jurisdiction, and the same are to be litigated and adjudicated in that court, without regard to what was adjusted by the commissioners. 21 Vt. 490 ; 22 Vt. 333 ; 30 Vt. 213. As a ground and reason why a claim, asserted upon appeal in the County Court, should be barred, the fact that it was not exhibited to the commissioners might bring it within said section 14. But whether it was so exhibited or not, as bearing on the question whether barred or not, is to be determined upon proper issue and trial. On the trial in this case, the County Court assumed that the only evidence on the question whether certain items of claim had been exhibited to the commissioners, was the report of said commissioners. This is adjudged to be erroneous. The evidence offered on that subject ought to have been received. This is in analogy to the rule and practice in cases that have frequently occurred in which exactly what was the subject-matter of an adjudication does not appear on the record, and it is permitted to be shown by evidence *aliunde* the record. It is a repetition in substance of what was done in *Clark, admr.* v. *Heirs of Clark*, 21 Vt. 490. We know of no case or reason against our present views and decision.

II. The question under the second exception is, whether the second proviso in s. 24, c. 36, Gen. Sts., confines the right of the party to testify " in whose handwriting the charges are and when made, and no further," to the action, *in form*, of book account.

The language is, " that in actions of book account, and when the matter in issue and on trial is proper matter of book account."

It has been decided — 37 Vt. 573 and 641 — that under the first proviso the form of action, whether book account or something else, does not affect the application and operation of the proviso, and that the competency of witnesses in book account, is subjected in the same manner and to the same extent as in any other form of action ; and this in view of the reason and purpose of the statute.

It is well known that our action on book does not exclude assumpsit for the same cause and matters—that the party may proceed in the one or the other on his own election.   There is no reason then, *in the nature of the case*, why he should not stand upon the same rules of evidence in the one case as the other; and by the statute of 1852, he was made so to stand, unless when the other party is dead, he is made to stand on a different rule.   It is clear to my own mind, and in this all the members of the court concur, that in such case the statute, by its terms, puts him upon the same rule of evidence in reference to " proper matter of book account," whether the action itself be in form book account, or in some other form proper for the recovery of the same matters.   In the first place it is to be noticed, that if it was meant to have the second proviso operate only in actions in form book account, there was no need of the appended clause, because nothing could be recovered in that form of action that was not proper matter of book account; so that in that view, nothing was gained or added, in sense and effect, by that clause.   Again, the expressions themselves indicate that the rule was intended for something besides an action *in form* book account; for in the first clause it says, " in actions of book account; " while in the next clause, which professes to add something not contained in the first clause, it says, " and when the matter at issue and on trial is proper matter of book account;" thus changing the form of expression, abandoning any reference to any specific form of action, and using a form of expression that characterizes the subject-matter of the issue and trial, without regard to the form of the pending action; and not indeed requiring any *action* to be pending, but only a proceeding before commissioners on an estate, or before an arbitrator or referee.   If it had been the design to confine the proviso to actions of book account, instead of the appended clause, it would have said, " that in actions of book account *in which* the matter in issue and on trial is proper matter of book account; " thus confining it by that limit, instead of using language that does not thus limit the rule, but on the contrary renders it equally applicable to other forms of action and proceeding.

When it is considered that " proper matter of book account

may be in issue and on trial " as well in an action of assumpsit, or before commissioners, or arbitrators, or referees, as in the *action* of book, it would seem to be only by violence that the language of the second proviso could be held to apply only to the action, *in form,* of book account.  While it is ample to embrace such matters as are proper for book account when in issue and on trial in other forms of action and proceeding, and every reason exists and operates for giving it application and effect in those other forms and proceedings, the same as in actions of book, it seems beyond doubt or question that it should have such application and effect.  Whatever the form of action or proceeding, whenever the book entries would constitute an instrument of evidence on the issue on trial, according to the idea of the common law, as developed by WILSON, J., in *Hunter* v. *Kittridge's Estate,* 41 Vt. 359, the party is competent under said second proviso, to the intent therein provided, and to the extent therein limited.  The court erred in this respect.

III.   As to the third point of exception.   The plaintiff's cause of action was all matter *ex contractu* with the deceased intestate, and that was in issue.

The settlement set up against the plaintiff's cause of action, and the papers offered as evidence of that settlement, were all matters transacted by and between the plaintiff on the one hand and the deceased in his lifetime on the other ; so that one of the parties to the whole subject of the controversy — both the plaintiff's demands and the settlement of them as claimed by the defendant — was dead, thus making a case of disqualification of the living party to testify in respect thereto, within the terms and intent of the statute.   So far as the decided cases on this subject bear any analogies to this feature of this case, they countenance what we now hold.   The other ground of exception is not affected with any apparent error.

Judgment reversed and cause remanded.