ASA M. WOODBURY v. JAMES M. WOODBURY'S ESTATE.

*Competency of Witness under s. 24, c. 36, Gen. Sts.*

Plaintiff in an action against an estate was allowed to show an account on his book, and to testify that it was in his handwriting, and copied from a day-book. *Held,* not admissible under the proviso of s. 24, c. 36, Gen. Sts., which allows the proof and authentication of an *original* book of accounts by such testimony, for the purpose of making it an instrument of evidence, but not of a *copy,* which cannot be made such an instrument.

Plaintiff took a lease of decedent's farm for one year, with an agreement to purchase it if he could sell his own within the year, and an agreement on decedent's part to pay for repairs of buildings if done within the year by his consent, provided plaintiff did not purchase. In an action against decedent's estate to recover

for such repairs, plaintiff was allowed to testify in regard to deeds of his own farm October 2, 1871, to one Conant and one H.: "Not all of the land in the Conant deed belonged to the Carter farm. Twenty acres in both deeds not in that farm." *Held*, that under s. 24, c. 36, Gen. Sts., his testimony should have been excluded.

APPEAL from the decision and report of commissioners on the defendant estate. Trial by jury, and verdict for plaintiff, June Term, 1876, Ross, J., presiding.

Under notice of settlement, the defendant gave in evidence and relied upon a paper writing signed by the decedent, dated October 3, 1871, of the tenor following: "A. M. Woodbury has occupied my farm which I deeded to him October 3, 1871, and had the use of the same and stock from March, 1870, till said premises were deeded him. This is to certify that in consideration of said purchase, and other deal between us, the rent of said farm, stock, and tools, are hereby cancelled and discharged to said A. M. Woodbury, and I claim nothing of [him] on account of the same "; also, a lease of said farm, dated March 1, 1870, whereby the decedent demised said farm to the plaintiff, with certain stock and tools thereon, for the term of one year, for $325 rent, on condition that if the plaintiff sold his farm during the year, the decedent should convey to him the farm thus demised, at the price of $5000, in which event the plaintiff should pay no rent, but interest on the $5000 from the date of the lease ; and if plaintiff repaired the buildings on the farm during the year, with the consent of the decedent, and did not purchase the farm, decedent should pay for such repairs. From plaintiff's "building account" furnished the reporter, it would seem that he sought to recover for such repairs.

The executor claimed that the paper of October 3d showed a settlement of all matters in controversy to that date. The plaintiff claimed that it related only to dealings in regard to the farm, under the lease. The plaintiff was allowed to show what was called the "farm account" on his book, and to testify that it was in his handwriting, and copied from a smaller day-book. One Gray was allowed to testify : "I heard Asa tell his father he couldn't sell his farm for what he asked. One was to be sold. He said he couldn't buy his father's farm unless he would deduct

20

from price of his farm. At last he agreed to throw in the rent on the farm." One Collier was allowed to testify: "Worked on the buildings. Asa Woodbury there. James M. superintended the work. I had charge of the work. Took roof off house and ell part and wood-shed, and raised it up four or five feet, and put new roof on; put three bed-rooms in." The plaintiff was also allowed to give in evidence two deeds conveying the farm he owned when the lease was made; one from himself and wife to Cynthia Conant, dated October 2, 1871, the consideration in which was $2500, and the other from himself and wife to Asa Hall, of same date, the consideration in which was $500, and to testify: "Not all of the land in the Conant deed belonged to the Carter farm. Twenty acres in both deeds not in that farm." All the foregoing testimony was admitted as tending to show that there existed matters between the plaintiff and the decedent to which the language of the writing of October 3, 1871, might have reference instead of to the items in the plaintiff's specifications. The executor was a witness for the estate, and after he had admitted that he had a claim against the estate, the plaintiff was allowed to ask him, to show his interest in the same, as to what he had said about the solvency of the estate; to which he answered: "Estate good if it were not for this law suit. Haven't stated it would not pay more than sixty cents."

All of the foregoing testimony was admitted against the defendant's objection; and to its admission the defendant excepted.

*A. M. Dickey*, for the defendant.

It was error to admit the farm account and to allow the plaintiff to testify in relation thereto. Gen. Sts. c. 36, s. 24. It was also error to allow him to testify, that "not all the land in the Conant deed belonged to the Carter farm."

The exceptions say that the testimony was admitted as tending to show that there existed matters between the plaintiff and decedent to which the language of the writing of October 3, 1871, might have reference instead of to the items in the plaintiff's specification.

The error in this is that the statute excludes him from testifying.

*Fitzsimmons* v. *Southwick*, 38 Vt. 509; *Fords, exrs.* y. *Cheney*, 40 Vt. 153; *Hollister, admr.* v. *Young*, 41 Vt. 156; *Roberts, admr.* v. *Lund*, 45 Vt. 82.

It was error to admit the testimony of Gray and Collier. The writing of October 3, 1871, unexplained, was a full settlement of the farm account and all " other deal" between the parties. The testimony had no tendency to vary or explain that writing. It referred to a time anterior to the giving of the receipt, and therefore was not admissible for any purpose.

*Belden & Ide* and *L. D. Hathaway*, for the plaintiff.

The words " this is to certify that in consideration of said purchase and other deal," are an inducement to the receipt, and that recital is only *prima facie* evidence of the facts therein stated. *White* v. *Miller*, 22 Vt. 380; *Lazell* v. *Lazell*, 12 Vt. 443; *Buck* v. *Packard*, 10 Vt. 96.

The statement of the consideration for the discharge of rent is not conclusive. The words " other deal" instead of forbidding, expressly invite, extrinsic evidence. *Merrill* v. *Cooper*, 36 Vt. 314; *Bradley* v. *Pike*, 34 Vt. 215; *Noyes* v. *Canfield*, 37 Vt. 79; *Lovey* v. *Adams*, 22 Vt. 160; *Hart* v. *Hammett*, 18 Vt. 127.

There is no doubt that the testimony of Collier has a legitimate tendency to show what was included in and what constituted the subject-matter of the settlement of October 3d.

Plaintiff's deeds to Cynthia Conant and Asa Hall were offered to show that plaintiff had not violated his part of the contract. Plaintiff was clearly competent to testify to the identity of the subject-matter of the deeds. The evidence had no relation to the "contract in issue and on trial." *Morse's Est.* v. *Lane's Est.* 44 Vt. 561; *Bank of Troy* v. *Scofield*, 39 Vt. 590.

The executor was a witness for the defence, and of course, any interest that he had in the result could be shown. Besides, he denied that he had said anything. *Russell* v. *Maloney*, 39 Vt. 578.

The opinion of the court was delivered by

BARRETT, J. Nothing but the printed exceptions, lease, contract of settlement, and plaintiff's building account, is furnished to this court. The declaration, pleadings, and specifications of

the parties, are not before us. The bill of exceptions is meager to the last extreme in material for enabling this court to comprehend and appreciate the points of exception. From what is before us, helped by the briefs of counsel, we infer that the claim of the plaintiff constituting "the contract and cause of action" in his behalf "in issue and on trial," is the building account printed with the exceptions. To that contract and cause of action the deceased, James M. Woodbury, was the other party. The statute is explicit in such case in excluding the plaintiff from testifying as a witness, except, under the proviso of s. 24, c. 36, Gen. Sts., "in actions of book account, and when the matter in issue and on trial is proper matter of book account, the party living may be a witness in his own favor, so far as to prove in whose handwriting his charges are, and when made, and no further." The plaintiff's objectionable testimony was not for such purpose, but to show what was called the farm account on his book, and to testify that it was in his handwriting, and copied from a smaller book. This was not within that proviso, and so was not proper to be received. Even if the farm account had been "the contract and cause of action in issue and on trial," the testimony would not have been admissible, because it was not such as is alone made admissible by that proviso. The testimony allowed by that proviso is for proving and authenticating an original book of accounts, for the purpose of making such book an instrument of evidence. A *copy* of such book of account is not capable of being made such instrument of evidence. See this case, 48 Vt. 94.

The testimony given by plaintiff that "not all of the land in the Conant deed," &c., was improperly admitted, he being excluded by the statute from being a witness for such a purpose. This does not fall within *Morse* v. *Low*, 44 Vt. 561, and prior cases to the same effect.

If the exceptions show all that bore upon the pertinency of the testimony given by Gray and Collier, we should say that it could serve no legitimate purpose, and so should have been excluded on objection. As the case is to be retried, this suggestion is sufficient to enable the matter to be properly considered and treated on the retrial.

Woodbury *v.* Woodbury's Estate.

No point is made by the excepting party as to the conclusiveness of the " contract of settlement," as it is called. So we do not follow the lead of counsel for plaintiff on that subject, in considering or debating it.

Judgment reversed, and cause remanded.