HEMAN A. MOORE, ADMR. *v.* A. J. BACHELDER.

*Probate Court. Commissioners. Allowance of Claims. Gen. Sts. c. 53, s. 9.*

Section 9, c. 53, Gen. Sts., makes no provision for exhibition of claims of the estate before commissioners, except in offset to claims presented by creditors. So, where a creditor having a claim did not come before the commissioners nor present his claims for allowance, but the commissioners, of their own motion, allowed the claim of the estate against him, and included it in their report, and the report was accepted and recorded, it was *held* that the commissioners had no jurisdiction, and that their action resulted in no judgment.

GENERAL ASSUMPSIT, brought by the plaintiff as administrator of the estate of C. V. Bancroft, to recover for services rendered by the intestate to the defendant. Pleas, the general issue and plea in offset. Trial by the court, March Term, 1878, REDFIELD, J., presiding.

It appeared that the identical claim specified by the plaintiff had been presented to the commissioners on the estate of the intestate, and allowed, and that the commissioners' report in which the allowance was made had been duly accepted and recorded by the Probate Court before this action was brought, and had not been appealed from. It further appeared that the defendant was not present at the hearing before the commissioners, and that he presented no claim to them for allowance, but that the claim in question having been shown to them by the plaintiff, they entered it in their report of their own motion. It did not appear that the defendant had any knowledge of the action of the commissioners, or that the Probate Court knew that the defendant presented no claim against the estate.

The defendant contended that the plaintiff's claim had been adjudicated, and that he could not maintain the action. But the court ruled that as the defendant was not present at the hearing before the commissioners, and presented no claims for allowance, the judgment of allowance by the commissioners was void, and that therefore the action was properly brought; to which the defendant excepted. Judgment for plaintiff for balance due.

*Heath & Carleton*, for the defendant.

The allowance of a claim by commissioners is a matter of record. Assumpsit does not lie thereon. *Woods* v. *Pettis*, 4 Vt. 556.

While the judgment of the Probate Court stands recorded and unappealed from, it must be treated as a valid judgment; and if this action were to result in a valid judgment, there would be two judgments, each by a court competent to take jurisdiction of the subject-matter and of the parties.

*Gleason & Field*, for the plaintiff.

The ruling of the court was correct. *Allen* v. *Rice*, 22 Vt. 333; *Brown* v. *Sumner's Estate*, 31 Vt. 671.

The opinion of the court was delivered by

Ross, J. By sections 14 and 15, c. 53, Gen. Sts., it is only those who have claims against an estate who are required to present them to the commissioners for allowance or the claims become barred. By section 9, the executor or administrator is to present claims of the estate in set-off to such claims. There is no provision for presenting the claims of the estate to the commissioners for allowance except in set-off to the claims presented by creditors of the estate. When the creditor comes before the commissioner with his claim for allowance, he submits himself and it to the jurisdiction of the commissioners and the Probate Court. The administrator of the estate, unauthorized by the creditor, has no power to present his claim and bind him. The creditor has the right, before the commissioners have acted on his claim, to withdraw it, and if he does so the jurisdiction of the commissioners over the claims presented in set-off by the administrator is taken away. *Allen* v. *Rice*, 22 Vt. 333. It matters not that the commissioners returned their allowance of the defendant's claim presented to them by the administrator and of the claim of the estate in set-off to the Probate Court, and the court accepted and recorded their acceptance of the commissioners' report. The question is, whether the presentation of the defendant's claim by the administrator without authority to the commissioners, gave them any

jurisdiction over the defendant and his claim, and not whether their action thereon was accepted and recorded by the Probate Court. By the statute the commissioners and the Probate Court could only acquire jurisdiction over the defendant and his claim, by his voluntarily submitting himself and it to their jurisdiction, or before their final action by adopting and acquiescing in the act of some one who had acted for him in that behalf. Nothing of the kind was done in the case at bar, and the action of the commissioners and Probate Court on the presentation of defendant's claim by the administrator without authority was invalid and void. Hence the claim in favor of the estate on which this suit is brought, did not by such action become merged in a judgment of the Probate Court. The claim of the estate against the defendant stands unaffected by the action of the commissioners and Probate Court thereon, and the plaintiff can maintain his suit thereon.

*Judgment affirmed.*