PHEBE J. WHITCOMB *v.* AARON K. DAVENPORT'S EST.

*Revision of statutes. Presumption against change of law. Appeal from Probate Court. Petition to renew commmissions. Amendment of record of Probate Court in County Court.*

1. Changes made in the revision of statutes will not be taken to alter the law as previously construed, unless an intention to so do is clearly manifest,

2. An appeal still lies to the County Court from the Probate Court as to matters within the discretion of the latter court, notwithstanding the changes made in the phraseology of the statute allowing the appeal made by the revision of 1880.

3. A creditor, whose claim against the estate of a deceased person has been presented to the commissioners without his authority, and by them been disallowed, may petition the Probate Court to renew the commission as though his claim had never been presented at all.

4. The petition did not allege that it was presented within six months from the time previously limited, and there was nothing in the record sent up by the Probate Court to show what the fact was. The appellee moved in the County Court to dismiss the petition for that it did not appear that it was seasonably presented. Thereupon the appellant asked leave to amend the petition in that respect. The County Court denied the motion to amend and dismissed the petition. *Held,* that whether the action of that court upon these motions was correct or not, the record of the Probate Court ought to have shown when the petition was presented, and when the time previously limited expired, and that the Supreme Court would, *sua sponte,* remand the case to the County Court with instructions to allow the appellant to procure amended copies of the record from the Probate Court.

This was an appeal to the County Court from an order of the Probate Court for the district of Windsor, dismissing the

petition of the appellant. Heard at the December term, 1890, Thompson, J., presiding.

The appeal was dismissed. Exceptions by the appellant.

The appellant petitioned the Probate Court to renew the commission for the allowance of claims against the estate of one A. K. Davenport, alleging that she had a valid claim against the said estate ; that she was informed that some claim had been presented to the commissioners in her name and disallowed by them, but that the same was without her knowledge or authority; and that the commission had been closed. The Probate Court denied the petition, and this appeal was taken.

It appeared from the record, which was certified up by the Probate Court, when the petition was presented ; but it did not appear when the time previously limited expired, nor what questions were considered and adjudicated upon by the court in dismissing the petition.

In the County Court the appellee moved to dismiss the appeal, 1st, because no appeal would lie in the premises. 2d, because it did not appear that the petition was seasonably filed. Thereupon the appellant moved to amend the petition in this latter respect.

The court denied the motion to amend as matter of law and not of discretion, and dismissed the appeal.

*C. B. Eddy*, for the appellant.

It is not alleged in the motion to dismiss, and does not appear that the petition was not filed within the six months. Hence the presumption will be that it was. *Timothy & Holden* v. *Farr, Admr., Appt.*, 42 Vt. 43.

An appeal lies from an order resting in the discretion of the Probate Court. *Adams* v. *Adams, Admr.*, 21 Vt. 162.

*W. E. Johnson*, for the appellee.

The County Court had no appellate jurisdiction. The peculiar phraseology upon which the decision in *Adams* v. *Adams*, 21 Vt. 162, was placed, is not found in the Revised Laws.

It not appearing that the petition was brought within the six months the court had no jurisdiction. *Sleeper* v. *Gould's Estate*, 53 Vt. 111.

The opinion of the court was delivered by

MUNSON, J. It has been heretofore held that the right of appeal from the decrees of the Probate Court extends to matters which are within the discretion of that court. *Adams* v. *Adams*, 21 Vt. 162 ; *Holmes* v. *Holmes*, 26 Vt. 536 ; *Hilliard* v. *McDaniels*, 48 Vt. 122. In the case first cited, the court laid some stress upon the comprehensiveness of the language of the statute,—it being then provided that an appeal might be taken from " any " order or decree of the Probate Court, and that the County Court should have appellate jurisdiction of " all " matters of which the Probate Court had original jurisdiction. In the revision of 1880, the word " an " was substituted for " any " and the word " all " omitted ; R. L. 2270, 2268 ; and it is urged that this change in phraseology indicates an intention to restrict somewhat the right of appeal, and that a matter resting entirely in the discretion of the Probate Court ought not now to be considered revisable.

If the alterations pointed out were to be considered without any reference to the design and methods of the revisers, it would even then be difficult to regard them as indicating an intention to make the law less comprehensive. But a comparison of the Revised Laws with the previous statutes will show that these changes were made in accordance with a plan of alteration and condensation which was co-extensive with the entire work. Moreover, it is well settled that changes made in a revision will not be taken to alter the law as construed by previous decisions, unless an intention to do so is clearly manifest. *Clark* v.

*Powell*, 62 Vt. 442. The changes relied upon furnish no reason for a departure from the line of former decisions.

It is further urged that the appellant's claim was in fact presented to the commissioners and disallowed, and that she is therefore not entitled to the remedy sought by her petition, but must seek relief as one prevented from taking an appeal from the determination of commissioners by fraud, accident, or mistake. It fairly appears from the petition that the claim was presented to and passed upon by the commissioners without the procurement or knowledge of the claimant; and, whatever the rule may be in regard to proceedings in courts where a party can appear only by himself or through an attorney of the court, we are not ready to hold that a party can be bound by the unauthorized act of another before a tribunal where claims are often presented informally, and through any convenient agency. A person whose claim has been disallowed upon an unauthorized presentation is nevertheless " a creditor who has failed to present his claim." *Moore* v. *Bachelder*, 51 Vt. 50.

The appellant was not entitled to have the commission renewed unless her petition therefor was presented within six months after the expiration of the time previously limited. The Probate Court dismissed the petition, but the ground of its action does not appear. The petition contains no allegation of its presentation within the required time, and there is nothing in the record sent up by the Probate Court to show whether it was filed before or after the statutory period had elapsed. In the County Court, the appellee moved that the cause be dismissed, assigning for one reason that no facts appeared showing jurisdiction; and the appellant thereupon asked leave to amend her petition by inserting an allegation that it was seasonably brought. Leave to amend the petition was refused, and the motion to dismiss sustained.

Under the ordinary probate practice, it was not necessary to a favorable action on the petition in the Probate Court that the

petition itself should aver that it was filed within the required time ; and, there being nothing in the record before us to preclude the possibility that the fact of its being so filed appeared and was acted upon in the court of original jurisdiction, we are not willing to deprive the appellant of a remedy to which she may be entitled, because of the failure to so frame her petition that its seasonable presentation would appear in the appellate court by way of allegation. If the application was in fact made to the Probate Court within six months after the expiration of the time previously allowed by that court for the presentation of claims, it had jurisdiction of the subject matter of the petition, and could grant the relief prayed for. The records of that court will show whether six months elapsed between the expiration of the time limited for presenting claims and the filing of the petition, and the fact should be determined on appeal by those records. If for any reason the record fails to show the true day of the presentation of the petition, it is for the Probate Court to determine the day of actual presentation, and amend its record accordingly.

We think that, properly, the record of the action of the Probate Court upon the petition should show whether it appeared, or did not appear, that the petition was presented within the required time, and that judgment should not be rendered in the appellate court without having the fact so ascertained and certified. Without entering upon the merits of the respective motions made below, we are satisfied that a more desirable course than the one taken by the appellant was open to her ; and the situation is such that the court will, of its own motion, remand the case with instructions that leave be given the appellant to procure and file amended copies. This will give the Probate Court an opportunity to amend its record of the adjudication appealed from so that it may show that the petition was, or was not, filed within six months after the expiration of the time previously limited, as the fact may appear from an inspection of its records.

*Judgment reversed, and cause remanded to the County Court for further proceedings.*