JULIUS A. C. EWING, EXECUTOR OF DANIEL S. EWING, v. EDWIN
L. GRISWOLD.

*Executor.    Usury.    Offset.    Payment.    Commissioners.*

Although the testator had been dead several years prior to the commencement of the suit, and the executor is residuary legatee, it not appearing that the executor has made a *final* settlement, or that an order of distribution has been made, the executor can maintain such suit in his own name as executor, upon a promissory note due the testator.

The testator holding two notes against the defendant, usury paid him by the defendant upon one of them which was taken up cannot be applied as a payment upon the other.

The defendant in an action of assumpsit can plead usury in offset.

The right of set-off, as provided in sec. 17, chap. 53, of the Gen. Sts., applies only to cases where the administrator brings suit before the commissioners appointed to adjust claims have acted.

Usury paid the testator, no claim therefor having been presented to the commissioners, cannot be recovered in offset in a suit instituted by the executor, after the commissioners have acted.

Usury paid the executor by the defendant upon a note due the testator, is held by the executor in the same right as he has instituted the suit, and can be recovered in offset.

ASSUMPSIT on a promissory note given by defendant to plaintiff's testator. Pleas, the general issue, payment, and set-off for money had and received both by the testator and the plaintiff. Trial by the court, at the September term, 1867, WHEELER, J., presiding.

The court found that the plaintiff's testator held another note of $1000 against the defendant at the same time he held the one in suit, and that the defendant paid him illegal interest upon the other note to an amount greater than the note in suit, while he held the latter note; that the testator died June 17th, 1862, and commissioners to allow and adjust claims against the estate of the testator were appointed by the probate court in the settlement of the estate, who performed their duties in the premises, and the defendant presented no claim to them for allowance.

The defendant paid the plaintiff, as executor as aforesaid, upon the other note given by the defendant to the testator, the sum of twenty-four dollars and thirty-nine cents illegal interest, while the plaintiff held the note in suit.

The plaintiff was residuary legatee of the estate, and paid all the debts and legacies, and rendered all accounts required of him by the probate court, and prosecutes this suit for his own benefit.

Upon the foregoing facts the court rendered judgment for the plaintiff to recover the whole amount of the note and interest in suit, and for the plaintiff on the pleas in offset. Exceptions by the defendant.

*Dunton & Veazey*, for the defendant.

*Warren H. Smith*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit, founded on a promissory note. Pleas, the general issue, payment and set-off for money had and received.

The case shows that the plaintiff's testator held another note of $1000 against this defendant, and that this defendant had paid him money on that note in a greater sum than the amount of the note in suit. Also that the defendant had paid this plaintiff, as executor, upon said $1000 note the amount of $24.39 as usury. The defendant claims to be allowed these two sums in offset to the note in suit.

It further appears that the testator died June 1862, and commissioners to allow and adjust claims against said estate were duly appointed by the probate court, who have performed their duties. And that the plaintiff, who was residuary legatee, under the will, has paid all the debts and legacies, and rendered all accounts required of him by the probate court, and that he prosecutes this suit for his own benefit.

I. The defendant insists that this suit cannot be sustained in the name of the plaintiff as executor. It does not appear that the plaintiff has ever made a final settlement as executor, in probate court, or that there has been any order of distribution, and we see no difficulty in the plaintiff sustaining this action as executor.

II. Can *usury* be successfully pleaded in offset? or as a technical *payment?* If the $1000 note were in suit, on which it is

51

'claimed the usury was paid, it is probable the defendant, at his election, might have insisted that the excess above the legal rate of interest should be applied *pro tanto* as a payment of the principal; but we know of no authority that would warrant the application of this, or any other legal demand against the plaintiff, as a technical payment of another note, which plaintiff holds against the defendant.

Can it be pleaded in offset? In *Baker* v. *Esty et al. and Trustee*, 19 Vt., 131, it is adjudged that money paid as usury cannot be attached by trustee process, and in *Nichols et al.* v. *Bellows*, 22 Vt., 586, it is adjudged that a claim growing out of usury paid does not pass to the assignee in bankruptcy, and the learned judges in these cases speak quite fully of this statute *remedy* " as a mode of removing an injury caused by personal wrong and oppression." Yet the provision is *remedial*, and not *final*, as was held in *Wheatly* v. *Waldo*, 36 Vt., 242. And the substantial reason why usury cannot be attached by trustee process, or the right to sue for it does not pass to the assignee in bankruptcy, is that the right of action is a *personal* right which he may waive or enforce at his election. But so far as the rights of the party paying usury are concerned, the party receiving it holds it against equity and against conscience, without right, and *to the use* of the party paying it, who " may recover it back with interest thereon from time of payment," in an action for money had and received. Gen. Sts., 507, § 4.

The general right of a defendant in an action of assumpsit, to offset any claim that he might recover in a declaration for money had and received, cannot be questioned, and we think there is no reason nor authority for making the action to recover usury an exception.

III. Is the right of offset barred for the reason that the claim was not presented to the commissioners? The 14th section of Gen. Sts., 401, provides that if the party " does not exhibit his claim to the commissioners within the time limited by the court for that purpose, he shall be forever barred from recovering such demand, or from pleading the same in set-off in any action whatever." This is clearly a bar to the right to recover the money

paid the testator, unless it is excepted by force of the 17th section of the same chapter. We think the right of set-off provided in the 17th section applies only to cases where the administrator brings his suit *before* the commissioners have acted, where the institution of the suit prevents the offset before the commissioners. This construction gives force to the provisions in the 14th section in regard to set-off, and preserves the harmony and consistency of all the sections. A different construction would render the assets of an estate indefinite and uncertain, and the settlement interminable, while it is the policy of the law that the assets of an estate be speedily and definitely ascertained as the basis of certain decree and distribution.

The right to recover the usury paid the testator is therefore barred. The $24.39 paid the plaintiff as usury, in contemplation of law he holds as executor and in the same right he has instituted this suit, and to that extent the defendant's offset should prevail.

The judgment of the county court is therefore reversed, and judgment that the plaintiff recover the balance of the note in suit, after deducting the $24.39 and interest from the time it was paid to the plaintiff.