ANSON SOULE, EXECUTOR OF A. J. SOULE'S ESTATE, v. BENTON & WILSON.

*Offset. Probate Court. Judgment.*

In an action founded upon the judgment of the probate court accepting the report of the commissioners on the estate of the plaintiff's testator, wherein a balance was found due the estate, the defendants cannot plead in offset any item of claim that accrued to him during the lifetime of the testator.

THIS was an action of debt on judgment of the probate court. The defendants pleaded in offset, to which the plaintiff replied. To the second replication of the plaintiff the defendants demurred generally.

The court *pro forma* overruled the demurrer and adjudged the replication sufficient, and rendered judgment *pro forma* for the plaintiff, to which the defendants excepted.

The point presented by the pleadings sufficiently appears in the opinion.

*Benton & Wilson, pro se.*

*Anson Soule, pro se.*

The opinion of the court was delivered by

REDFIELD J. This action is founded upon the judgment of the probate court, accepting the report of the commissioners on the estate of the plaintiff's testator, wherein a balance was found due the estate.

The defendants have pleaded in offset, that the intestate was indebted to them in his lifetime; and in the third plea have averred, that plaintiff, as executor, is indebted to them for divers sums of money paid him. The plaintiff replies the proceedings of the commissioners and judgment of the probate court in bar of the defendants' claim. The defendants rejoin a general demurrer, and plaintiff joins in the demurrer. The defendants in their pleading refer to and make a part of their pleas a bill of particulars, which is attached to and filed with the pleas.

By reference to the bill of particulars, it is found that every item accrued against the testator in his lifetime: so that the third plea, in connection with the bill of particulars, avers that the plaintiff became indebted to the defendants by reason of certain business transactions with his testator. In *Ewing* v. *Griswold*, 43 Vt., 400, this court held that all claims not presented to the commissioners of an estate are barred by the statute, and that the 17th sec. of the General Statutes excepts only those cases where the administrator brings a suit against a creditor of the estate *before* the commissioners have acted. In that case only the creditor's right of set-off is preserved. This suit was commenced, not only *after* the action of the commissioners, but is founded on their report.

Any item of claim that accrued to the defendants during the lifetime of the testator is, therefore, barred by the statute.

The judgment of the county court is affirmed.