PROBATE COURT, CHARLES SQUIRES, PROSECUTOR, v. JANE E. GALE ET ALS.

*Claims not Presented to Commissioners.*

The prosecutor presented a note against the estate of which the defendant G. was administratrix, which was allowed. He had another claim against the estate which he did not present. G. presented a claim in favor of the estate against the prosecutor, in offset to the note; but they then agreed to have a further accounting, and the claim G. presented was left to be equitably adjusted between them, in consequence of which, the commissioners did not report it to the probate court. *Held,* in an action upon G's administration bond, assigning the non-payment of the sum allowed on said note as a breach,—G. not having deemed it necessary to commence an action upon the claim so presented by her, by attachment, or otherwise,—that such claim was barred, and could not be allowed in offset in the suit on said bond. *Held,* also, that the claim which the prosecutor did not present, was barred.

THIS was an action upon a bond given by the defendant Jane E. Gale, as administratrix of the estate of John E. Gale, and the other defendants as her sureties. The case was referred, and the referee reported that the prosecutor presented a note before him which the commissioners on said estate allowed against the same on May 10th, 1870, at $28.86, which allowance had never been paid, except $10 thereof by the use of a horse; that the defendant Jane E. Gale presented an account before him in offset to said note, which account said defendant presented in offset before the commissioners when they allowed said note, and that, upon the prosecutor's then claiming that he had paid the same, and that he could satisfy the said defendant of that fact, it was then agreed between them, that said account should be legally and equitably adjusted; but the referee found that it

60

never had been adjusted, or deducted from said allowance, and that the commissioners, as appeared by their indorsement thereon, and other evidence, in fact allowed it at $24.84, but never entered it upon their report and returned it to the probate court, in consequence of the agreement aforesaid. The referee further reported,· that the prosecutor presented another account before him of $12.77, which had never been presented to the commissioners, but which was a just and true account, and found that it was understood between the prosecutor and the administratrix, that there was to be a further accounting between them. The referee further reported, that the warrant to said commissioners issued on November 27, 1869, and was returned with their report on July 7, 1870.

The court, at the September term, 1873, BARRETT, J., presiding, rendered judgment on the report for the plaintiff, *pro forma*, to recover the amount of said note, less the $10 paid thereon; to which the defendant excepted.

*C. N. Davenport* and *Clarke & Haskins*, for the defendants.

The only objection that can be made to the allowance of the claim presented against the prosecutor, is that the commissioners did not make their allowance of it a part of their report. " When a creditor against whom the deceased had claims, shall present a claim ·to the commissioners, the executor or administrator shall exhibit the claims of the deceased in set-off to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be." Gen. Sts. 402, § 9. By the 11th section the commissioners are directed to " make report of their doings to the probate court, embracing lists of all the claims presented or exhibited in set-off, and stating how much was allowed and disallowed, together with the final balance, whether in favor of the creditor or estate." It is only by way of set-off that commissioners have jurisdiction of a claim in favor of an estate. *Allen, admr.* v. *Rice*, 22 Vt. 333. When an adversary claim is presented, it would seem to be the duty of the administrator to ex-

hibit it in off-set and procure its adjustment. When that is done, the administrator has no further duty in the premises. And there is no reason, unless purely a technical one, why a right to plead in off-set to the principal claim, does not attach to the off-set when it is thus exhibited and allowed. Sts. 401, § 14 ; *Lowry* v. *Stevens,* 6 Vt. 113 ; *Roberts* v. *Estate of Burton,* 27 Vt. 396 ; *Ewing, exr.* v. *Griswold,* 43 Vt. 400 ; *Soule, exr.* v. *Benton et al.* 44 Vt. 309. It will be noted that it is the failure to present or exhibit the claims, by the party, not the failure to report by the commissioners, that creates the bar. *McCollum* v. *Hinckley et al.* 9 Vt. 143 ; *Burgess* v. *Gates, exrs.* 20 Vt. 326 ; *Dickey* v. *Corliss, admr.* 41 Vt. 127.

Another answer to prosecutor's technical objection, is, that his act, his agreement, has induced the commissioners to omit to report this set-off to the probate court. He cannot now insist upon this omission, in bar of the defendant's claim. It would not be possible to have a case where the law of *estoppel in pais* could with more propriety be applied. *Hicks et al.* v. *Cram et al.* 17 Vt. 449 ; *Strong* v. *Ellsworth,* 26 Vt. 366 ; *Wooley* v. *Edson et al* 35 Vt. 214; *Manufacturers Bank* v. *Scofield,* 39 Vt. 590 ; *Woodward, admr.* v. *Cowdry et al.* 41 Vt. 496 ; *Halloran* v. *Whitcomb,* 43 Vt. 306 ; *Wheeler* v. *Willard,* 44 Vt. 640. The fundamental principal upon which the doctrine of *estoppels in pais* rests, is that one shall be bound by the state of facts which he has induced another to act upon. REDFIELD, Ch. J., in *Strong* v. *Ellsworth, supra ;* NELSON, J., in *Welland Canal Co.* v. *Hathaway,* 8 Wend. 484 ; *Hicks et al.* v. *Cram et al., supra.*

*George Howe,* for the plaintiff.

The claim presented in offset is barred. Gen. Sts. ch. 53, § 9 ; ALDIS, J., in *Stearns* v. *admr. of Stearns,* 30 Vt. 217. From the facts reported, it is obvious that there was no allowance, in a legal point of view, of the claim in favor of the estate by the commissioners. *Lowry* v. *Stevens,* 6 Vt. 113. It was clearly the duty of the administratrix to have presented the claim in favor of the estate to the commissioners for their action upon it. It was their duty to ascertain and report the balance to the probate court,

and the reasons why this was not done, are insufficient, and of no importance.

The opinion of the court was delivered by

WHEELER, J. The condition of the bond declared on was that the defendant Jane E. Gale should pay and discharge all debts and charges chargeable on the estate of John E. Gale of which she was administratrix. The breach assigned is that a claim of twenty-eight dollars and eighty-six cents was allowed by the commissioners of claims, to the prosecutor, which she has not paid. The report of the referee shows that this claim was allowed, and that since the allowance, it has not been paid except to the extent of ten dollars by the use of the horse as stated in the report. The report shows, however, that at the time of the allowance of the plaintiff's claim, there was a valid claim of twenty-four dollars eighty-four cents in favor of the estate against the plaintiff, and that he had a further valid claim of twelve dollars seventy-seven cents against the estate. The defendants now insist that the claim in favor of the estate was so allowed by the commissioners that it was in fact a part of their judgment, and that it should now be treated as an offset in favor of the estate allowed by them. The report shows that the referee found that claim " to have been allowed by the commissioners upon said estate, as appears by their indorsement thereon." Their indorsement thereon is, " allowed the within bill thirty-five dollars and eighty-four cents this day, May 27, 1871," which is signed by the commissioners. The report further shows that the warrant to the commissioners issued from the probate court, November 27, 1869, and was returned with their report, July 7, 1870. This allowance, therefore, was made several months after all power of the commissioners to act upon the claim had come to an end, and it was wholly nugatory as a judgment. This claim appears to have been before the commissioners while they had power over it, and while they had the prosecutor's claim before them ; but it was not acted upon by them, and the parties appear to have agreed that it should not be. The administratrix defendant appears to have preferred to let it stand, to be adjusted in some other way

between her and the prosecutor, rather than to have it passed upon by the commissioners, and for that reason, it was not really presented for allowance, or if presented, was withdrawn by her. The statute, ch. 53, § 9, Gen. Sts., made it her duty to present this claim in offset, unless she thought it necessary to commence an action upon it by attachment or otherwise, as provided in § 17 of the same chapter. She is not now seeking to enforce it by such an action, and there is nothing in the case to show that she has ever thought such an action necessary in order to enforce it. She is seeking in this action to have it adjusted as an offset to the prosecutor's claim, just as she might then have had it adjusted if she had chosen to have done so. The plaintiff's other claim could have been adjusted also in that proceeding, but not having been presented for adjustment, is barred. *Ewing* v. *Griswold*, 43 Vt. 400. It seems to have been the intention of the statutes upon this subject, to require all claims between estates and claimants, with the exception mentioned, to be adjusted by the commissioners, and as this is not within the exception, the claims not presented to and acted on by the commissioners, are, by the omission, barred from being claims that were enforceable for or against the estate afterwards. The administratrix and prosecutor appear to have had an understanding that these other claims should be adjusted between them in some way. If this understanding kept the claims alive so that they could be made subjects of legal remedy in any way between the administratrix and prosecutor, it would be between them as persons, and not in these capacities. The litigation between the prosecutor and the estate the administratrix represented, was ended when the claim presented to the commissioners for adjustment had been adjusted by them and their allowance had been returned to the probate court and there accepted. This proceeding is brought to enforce that allowance, and so far as the claims are concerned, the allowance as accepted is alone to be looked to. Whether these persons have any remedy between themselves on account of the understanding between them, is a question about which no opinion is now expressed or intimation given.

Judgment affirmed.