C. T. SABIN, Assignee, *v.* S. S. KELTON, Admr.

*Insolvency. Assignee. Offset. Jurisdiction.*

1. Under our statute the rule that the court first acquiring jurisdiction retains it does not prevail, when a party has presented notes to be allowed by the commissioners on a deceased person's estate, and the administrator has brought an action on certain notes that the estate owns, against such party and, afterwards, on his being declared insolvent, discontinued his suit, and procured his notes to be allowed by the Court of Insolvency, and before the commissioners had taken any action in the matter. In such a case the Court of Insolvency, and not the Probate Court, has jurisdiction; and, if the assignee fails to present in offset his notes to those held by the administrator, in the Court of Insolvency, they are barred; and the commissioners have no jurisdiction.
2. If the assignee does not present in offset the claims of the insolvent estate to those of the creditors, he waives them. It is his duty to present them.
3. If an administrator, under R. L. s. 2131, brings an action against a party, *before the commissioners have acted,* such party *must* plead his claims in offset; and cannot go before commissioners.
4. In R. L. s. 2131, the word "may" means "must."

5. The assignee, in a measure, represents and acts in the interest of all the creditors.
6. R. L. s. 2131, action by administrator; offset by debtor; s. 1801, offset under the insolvent law; s. 2125, claim barred if not presented to commissioners; s. 2127, estate's claim to be offset,—construed.

APPEAL from the Probate Court. Heard at the March Term, 1881, Washington County, REDFIELD, J., presiding, on demurrer to the defendant's plea in bar. The court sustained the plea. The case is stated in the opinion.

*Heath & Carleton*, for the plaintiff.

Probate Courts have the exclusive jurisdiction of matters within their cognizance. *Adams* v. *Adams*, 22 Vt. 50 ; 38 Ib. 638 ; 52 Ib. 29. The Probate Court first took jurisdiction, and never relinquished it. The bringing and discontinuance of the suit by the administrator could not have the effect to destroy such jurisdiction. The court first taking jurisdiction retains the case. 28 Vt. 470 ; 44 Vt. 450 ; 1 Hawks, 78.

*J. A. & G. W. Wing* and *S. C. Shurtleff*, for the defendant, contended in their brief substantially as the court decided.

The opinion of the court was delivered by

ROSS, J. This is an appeal by the plaintiff, assignee in insolvency of George Jacobs, from the disallowance of a claim in favor of the insolvent estate by the commissioners on the estate of Avery Cummings. The contention is in regard to the sufficiency, in substance, of the defendant's plea in bar. The plea set forth, that Jacobs presented the two notes in controversy to the commissioners on the estate of Avery Cummings for allowance ; that, before the commissioners had acted thereon, the defendant for the purpose of securing claims which the estate had against Jacobs, brought a suit against him, and attached property ; that that suit furnished occasion for the other creditors of Jacobs to put him into insolvency, which would dissolve the attachment ; that thereupon the defendant abandoned his suit and presented the claims in favor of the estate in the Court of Insolvency and there obtained their allowance; that the plaintiff did not present

the notes in favor of Jacobs in offset to, or in reduction of, the claims in favor of the estate in the Court of Insolvency, but subsequently to the allowance in that court of the claims in favor of the estate, again pressed the allowance of the notes before the commissioners on the estate of Cummings against the protest of the estate that the commissioners had no jurisdiction of the claims; and that the commissioners disallowed the same, from which disallowance the plaintiff appealed to the County Court.

The question to° be decided on this state of facts is, whether the suit and attachment by the defendant, and the subsequent proceedings in his name on the claims in favor of the estate in the Court of Insolvency, took from the Probate Court jurisdiction over the notes in controversy, and drew their consideration into the Court of Insolvency. By sec. 2125, R. L. it was the duty of Jacobs to present his notes to the commissioners on the estate of Cummings, if he would prevent them from being forever barred. This he did. Sabin as the assignee in insolvency of Jacobs, succeeded to all the right which Jacobs had to prosecute said claim before the commissioners. The defendant was bound to present the claims in favor of the estate in offset to the claim presented by Jacobs, or such claims became forever barred. R. L. sec. 2127; *Allen, Admr.,* v. *Rice,* 22 Vt. 333; *Probate Court* v. *Gale et al.,* 47 Vt. 473; *Probate Court* v. *Kent, Admr.,* 49 Vt. 380; *Moore, Admr.,* v. *Bachelder,* 51 Vt. 50.

But by sec. 2131, R. L. it is provided: " Nothing in this chapter shall prevent an executor or administrator from commencing and prosecuting an action by attachment, or otherwise, &c. . . for the recovery of a debt or claim, or from having execution on a judgment." In *Ewing, Exr.,* v. *Griswold,* 43 Vt. 400, and *Soule, Exr.,* v. *Benton & Wilson,* 44 Vt. 309, it is held that such action or prosecution may be commenced at any time before the commissioners on the estate have acted upon the claim presented by the creditor. When the commissioners have acted on the creditor's claim, the claim in favor of the estate is barred, if not presented, and included in such action; as the commissioners, are to " ascertain and allow the balance for or against the estate" (sec. 2127). Hence, the defendant seasonably commenced his

action at law on the claims of the estate against Jacobs; and also seasonably presented the claims to the Court of Insolvency for allowance. Both were before the commissioners had *acted* upon the notes in controversy. · But the important inquiry at this point in the case, is, as to the effect of the commencement of such action by the defendant upon the right of Jacobs, or his assignee in insolvency, to further prosecute before the commissioners the notes already presented to them. It is contended by the plaintiff, that the Probate Court by such presentation of the notes acquired jurisdiction over their allowance; and by the usual rule the court first acquiring jurisdiction retains it against jurisdiction subsequently acquired by· other courts. Whether this rule is to prevail must be determined by the provisions of the statute. Such a rule would not prevail against the plain provisions of the statute. Sec. 2131, after the provisions before stated, proceeds: " and in such case the defendant may plead in offset the claims he has against the deceased, instead of presenting them to the commissioners, and mutual claims may be offset in such action, and if final judgment is rendered in favor of the defendant, the same shall be certified by the court rendering it to the Probate Court, and the judgment shall be considered the true balance."

It is apparent that, when an executor or administrator commences an action under sec. 2131, full provision is made for final adjudication on the defendant's claims against the estate, without farther action of the commissioners. The object, and result, to be reached, by prosecution by a creditor before commissioners, or by the executor, or administrator, by action in a court at law, is one and the same thing; the judicial determination of the true balance due from, or to, the estate, that the settlement of the estate may be speedily and certainly effected. We think, that, although the statute uses the word " may," in speaking of the defendant's right and duty to plead in offset his claims against the estate in an action commenced by the administrator, it means he shall do so. Such pleading in offset, is "instead of presenting them to the commissioners." It cannot be intended that the statute meant that the creditor should have the right to prosecute his claims against the estate before the commissioners, while at the

same time, the administrator is prosecuting the claims in favor of estate against the creditor in another forum, the object and purpose of both, being the judicial determination of the true balance due from the one to the other. It, rather, was the purpose of the statute, to make the commissioners the tribunal in which such balance should be ascertained, unless, before the commissioners acted, the administrator, or executor, should, for the purpose of securing the balance which he claimed to be due the estate, by attachment, or for some other good purpose, commence proceedings on the claims in favor of the estate before some other forum; in which case the entire litigation, and all the claims existing between the estate and such creditor, should be drawn into the latter forum, for investigation and adjudication.

Such a construction of the various provisions of the statute makes them harmonious, and prevents a multiplicity of suits, and saves expense to the parties, as well as brings the litigation to a more speedy termination. It is also consistent with the decisions of this court in *Ewing, Exr.*, v. *Griswold*, 43 Vt. 400 ; *Soule, Exr.*, v. *Benton & Wilson*, 44 Vt. 309 ; *Probate Court* v. *Kent*, 49 Vt. 309, if not in effect announced in *Ewing, Exr.*, v. *Griswold*. But it is contended by the plaintiff, that when the defendant abandoned his suit to the County Court, the plaintiff's right to proceed before the commissioners revived. By the action of the other creditors of Jacobs, in forcing him into insolvency, the administrator lost the benefit of his attachment of the property of Jacobs, and was compelled to abandon that suit, and follow the property of Jacobs into the Court of Insolvency, in order to realize anything therefrom, upon the claims in favor of the estate. By presenting, and proving, the claims in favor of the estate in the Court of Insolvency, he was prosecuting them in that forum, within the provisions of sec. 2131 ; and by force of that section the claims in favor of Jacobs were taken into the Court of Insolvency for adjudication, unless the assignee chose to waive or abandon, as he had the right to do, their further prosecution. Also by sec. 1801, R. L. it was made the assignee's duty to present the claims in favor of Jacobs against the estate to the Court of

Insolvency for adjudication. That section reads: "If mutual credits have been given by the debtor and any other person, or mutual debts exist between them, the account shall be stated, and one debt set off against the other, and the balance shall be allowed or paid on either side."

The assignee, in a measure, represents and acts, in the interest of all the creditors of the insolvent estate. He could not, without being derelict in duty to the other creditors of the insolvent estate, allow the defendant to prove the entire amount of the claims of the estate of Cummings against the insolvent estate without presenting the claims of the insolvent in reduction thereof. The insolvent law only allows the defendant the right to take a dividend on the balance due the estate he represents. That balance must necessarily be ascertained judicially, by the Insolvent Court, in which the insolvent's estate is being administered. If the assignee does not present in offset, to claims proved against the estate he is administering, the claims of the insolvent against such creditor, he waives them. The amount allowed by the Insolvent Court is the balance on which the creditor is entitled to a dividend from the insolvent estate, or which he is bound to pay such estate. It, unappealed from, is a final adjudication of such balance; and neither the creditor who has proved his claim, nor the assignee, or insolvent, has a right subsequently to adjudicate in regard to such balance in another forum. Any other construction of sec. 1801, would open a wide door for fraud upon a creditor proving a claim, as well as upon the other creditors. It would compel the creditor to take on his claim a small dividend perhaps, or none at all, and to pay his debt to the insolvent in full, or if his debt to the insolvent estate should not be collected nor offset, enlarge his own dividend at the expense of the dividend rightfully due to the other creditors of the insolvent. On this view of the law, the plaintiff, if he has not already lost it by delay, has the right to establish the notes in controversy, if he can, in offset, in the Court of Insolvency, to the claims there proved in favor of the defendant as administrator; but had, and has no right to prosecute their allowance before the commissioners. It is true that

sec. 1801 says nothing about the Court of Insolvency certifying any balance found due the insolvent to the Probate Court, but that duty is fairly imposed upon the Court of Insolvency by sec. 2131.

The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.