Martin *v.* White & Hammond.

---

FRANK P. MARTIN *v.* WHITE & HAMMOND, ADM'RS.

*Estates, Settlement of. Action. Administrator. Commissioners. Offset. County Court. Jurisdiction.*
R. L. ss. 2117, 2122, 2131.

When an administrator has commenced an action to recover a debt before the debtor presents his claims to the commissioners, the debtor's only remedy is to plead his claims in offset; and the rule is the same after the original commission has expired and been opened by the Probate Court. And if the debtor should then present his claims to the commissioners, and they should take cognizance, the proceeding on appeal in the County Court will be dismissed for want of jurisdiction.

APPEAL from the Probate Court. Heard on demurrer to a plea to the jurisdiction, December Term, 1885, TAFT, J., presiding. Plea adjudged insufficient.

*Wm. Batchelder,* for the defendants.

The administrators had a right to bring their suit against the plaintiff while the original commission was open, before presentation of his claim to the commissioners, and if they had done so the plaintiff could not have gone to the commissioners with his claim; he would have been compelled to plead his offset against the estate in the form selected by the administrators. R. L. s. 2131; *Sabin* v. *Kelton,* 54 Vt. 283.

The renewal of the commission, while the suit brought by the administrators was pending, had only the effect of removing the statute bar, which prevented the plaintiff from pleading in offset in the suit brought by the administrators.

It left the matter standing precisely as though the suit had been brought before the original commission expired.

The administrators cannot be compelled to give up their attachment. R. L. s. 2123; 49 Vt. 387; 22 Vt. 333.

*Davis & Enright,* for the plaintiff.

The commissioners were a special tribunal provided by law for hearing and determining such a claim as the plaintiff's. He could not plead in offset. R. L. ss. 2122, 2125; *Houston* v. *Fellows,* 27 Vt. 634; *Thetford* v. *Hubbard,* 22 Vt. 448; *Soule, ex.,* v. *Barton,* 44 Vt. 309; *Ewing* v. *Griswold,* 43 Vt. 400; *McCollum* v. *Hinckley,* 9 Vt. 146; *Dickey* v. *Corliss,* 41 Vt. 130; *Probate Court* v. *Gale,* 47 Vt. 477.

The opinion of the court was delivered by

Ross, J. The exceptions present the single question of whether the County Court had jurisdiction of the subject-matter. Whether the County Court had jurisdiction depends upon whether the commissioners appointed to adjust claims against the estate, had jurisdiction of the claim presented by the plaintiff. It appears that the plaintiff presented no claim to the commissioners until after the com-

mission expired, as originally limited by the Probate Court. The defendants, as administrators, then commenced a suit on a claim in favor of the estate against the plaintiff, and attached property, which suit is still pending. The plaintiff then procured the Probate Court to open the commission, and extend the time for the presentation of his claim against the estate. The contention is, whether the plaintiff, after the commission was opened and extended, should present his claim in offset in the suit which the administrators had commenced, or should pursue it as an independent claim before the commissioners. The counsel for the plaintiff urge the wording of the statute in favor of presenting the claim to the commissioners. Sec. 2122 R. L. provides that a creditor of the estate, who has failed to present his claim against the estate, during the life of the original commission, may apply to the Probate Court to have the commission opened, and the time extended for the examination, and allowance of his claim; that the Probate Court, for cause shown, and on terms, may renew the commission, and allow further time "for the commissioners to examine such claim." He further urges, that, at the time when the administrators commenced their suit, his claim was barred, by his failure to present it before the commissioners; and that, by sec. 2125, R. L., he was precluded from pleading his claim in offset. The closing language of this section is, " Shall be barred from recovering such demand, or from pleading the same in offset to any action." From the language of these sections, the plaintiff's counsel contend that, by the terms of the statute, he was shut up to a presentation of the claim to the commissioners, on the renewal of the commission. Whilst the language of these sections gives some support to this contention, we think it was the obvious intention of these sections, to place a claim, for which the commission has been renewed, upon the same general basis, and subject to the same restrictions and limitations, in regard to the manner, and tribunal in which

it must be prosecuted, on which it stood while the original commission was open. In no other way can the various provisions of the statute, with reference to the adjustment of claims for and against an estate, be made to harmonize. The general provisions of the statute, in regard to such claims, are, that all claims against an estate must be presented to commissioners, or they are barred,—secs. 2117, 2121, and 2125, R. L.,—and that if the estate has a claim in offset to a claim presented to commissioners, the administrators or executors must present the same in offset, or it becomes barred. Sec. 2127. But, where the estate has a claim against a party which the administrators or executors deem it prudent to secure by attachment of property, although such party may also have a claim against the estate, sec. 2131 provides that the administrators or executors may commence a suit on such a claim, and attach property, at any time *before* such party shall have presented his claim to the commissioners; in which case it then becomes the duty of such party to present his claim in that suit in offset to the claim sued by the administrators or executors. Where there are mutual claims between the party and the estate, whether adjusted before commissioners, under sec. 2127, or in the suit commenced by the administrators, or executors, under sec. 2131, the judgment is only for the balance due, and may be for either party. The construction placed by the decisions on the various sections of the statute, in regard to adjusting mutual claims between a party and an estate, gives to the tribunal first acquiring jurisdiction, full jurisdiction of the claims of both parties, and takes jurisdiction from the other tribunal to adjust them. This construction harmonizes all the provisions of the statute on the subject, and renders their application certain and expeditious. *Allen, adm'r,* v. *Rice,* 22 Vt. 333; *Ewing, ex'r,* v. *Griswold,* 43 Vt. 400; *Soule, ex'r,* v. *Benton,* 44 Vt. 309; *Morse, ex'r,* v. *Low, adm'x,* 44 Vt. 561; *Probate Court* v. *Gale,* 47 Vt. 473; *Probate Court* v. *Kent, adm'r,* 49

Vt.. 380; *Moore* v. *Bachelder*, 51 Vt. 50; *Sabin* v. *Kelton*, 54 Vt. 283.

The defendants commenced their suit by attachment against the plaintiff before he presented his claim to the commissioners on the estate. This drew the jurisdiction over the claim in favor of the plaintiff against the estate, into that suit. It is true, when the defendants' suit was commenced, the plaintiff could not plead his claim in offset. By the renewal of the commission, this disability was removed. Thereafter his claim stood as though never barred, and as though the defendants' suit had been commenced while the original commission was open, and the plaintiff's claim had not been presented to the commissioners. Unless the defendants' suit, having been first commenced, within the provisions of the statute, drew to it jurisdiction of the plaintiff's claim, the balance due on the adjustment of their respective claims could not be ascertained; but the defendants might have obtained judgment for and collected the full amount of the claim due to the estate, while the plaintiff, in another forum, would obtain an allowance of his full claim, and, if the estate was insufficient to pay the claims against it in full, would be obliged to take a percentage, with the other creditors. By having judgment for the balance only in the defendants' suit, whichever way that balance might be, the plaintiff would obtain, either payment of his claim in full, or payment in full to the extent of the claim of the estate against him. Nor does sec. 2122, on a renewed commission, any more absolutely give the commissioners jurisdiction of the creditors' claim, obtaining the renewal, than do secs. 2117 and 2125, under the original commission. The jurisdiction of the commissioners in both instances is liable to be, and is, defeated, if before the presentation of his claim by a creditor, the administrators or executors commence a suit against him on the claim of the estate, for the purpose of securing it.

The judgment of the County Court is reversed, and judg-

ment is rendered, that the demurrer is overruled, the plea adjudged sufficient, and cause dismissed for want of jurisdiction, with costs. Judgment to be certified to the Probate Court.