## ERASTUS N. SPAULDING v. MELISSA WARNER.

### [In Chancery.]

*Partition of Personal Property owned by Tenants in Common. Jurisdiction. Estates, Settlement of. Administrator. Offset. R. L. s. 2127. Estopped. Claim, Entire, Divisible. Mortgage. Pleading.*

1. In the absence of any common law or statutory proceedings relating to partition of personal property owned by tenants in common, or when the legal remedy is inadequate, a court of equity has jurisdiction thereof; but the court must first ascertain by a reference to a master whether a partition is practicable; and if so a division will be ordered, but if not, a sale and an accounting will be decreed.

2. Under the statute—R. L. s. 2127—if an administrator neglects to present claims of the estate to commissioners in offset to claims of a creditor, he is estopped from pleading them in offset in a subsequent suit between the same parties.

3. When mortgaged property passes to the mortgagee on foreclosure and the value thereof is less than the amount of the debt, the difference is an entire claim and not divisible; and it cannot be first presented in offset in one court, and then if there is a balance, in a subsequent suit in another court.

Bill in Chancery.    Heard on the pleadings and a special master's report, March Term, 1887, Veazey, Chancellor. Decree that the orator recover $195.80, it being for the value of one undivided half of the hotel furniture at the time it was purchased by the orator, and for the use of the same at the rate of $50 per year, and interest.    The case appears in the opinion.

*Jas. N. Johnson* and *S. C. Shurtleff*, for the defendant.

A sale will not be ordered if the property can be divided. *Marshall* v. *Crow's Adm'r*, 29 Ala. 278; *Crapster* v. *Griffith*, 2 Bland, 5; *Tenney* v. *Stebbins*, 28 Barb. 290; *Kerleystal* v. *Ciay*, 4 Bibb, 241. Formerly equity would not order a sale against the will of the party. Pom. Eq. s. 1390. A party is never compelled to take real estate against his will. *Barlow* v. *Scott*, 24 N. Y. 40; *Peabody* v. *Tarbell*, 2 Cush. 226; *Andrew* v. *Brown*, 3 Cush. 130. The defendant's plea in offset should be sustained and the difference between the value of the security and the amount of the decree be allowed. R. L. s. 1002; *Ins. Co.* v. *Wells*, 53 Vt. 14; *Hollister* v. *Young*, 41 Vt. 156; Ib. 42 Vt. 403; *Davis* v. *Savings Bank*, 48 Vt. 532; *Roberts* v. *Lund*, 45 Vt. 82; 40 Vt. 153; 51 Vt. 590; 52 Vt. 357.

*Zed S. Stanton* and *Geo. W. Wing*, for the orator.

The former adjudication of this claim in offset by the County Court is conclusive that no balance exists. It is barred. R. L. s. 2127; *Probate Court* v. *Kent*, 49 Vt. 380; *Sabin* v. *Kelton*, 54 Vt. 284; *Soule* v. *Benton*, 44 Vt. 309; *Probate Court* v. *Gale*, 47 Vt. 473. Taking possession by foreclosure operated as a purchase in satisfaction of the debt if the value of the security was equal to the amount of the decree; and if less in value, then in satisfaction *pro tanto*. *Lovell* v. *Leland*, 3 Vt. 581; *Paris* v. *Hulett*, 26 Vt. 308; *Thomas* v. *Warner*, 15 Vt. 110. The decree was correct. The refusal of the defendant to divide was a conversion, and warranted the court in decreeing the value of the property. The defendant refused to divide, unless certain conditions, which she had no right to demand, were complied with.

The opinion of the court was delivered by

ROYCE, Ch. J. The parties are tenants in common of a lot of furniture situate in the Summit House at Roxbury, and the bill is brought to procure a division of it, or for a decree that

the defendant pay the orator for his half and the use of the same and for that part that has been lost and destroyed by the defendant; and for general relief.

It is found by the master that on May 19th, 1874, James P. Warner owned the Summit House and the furniture therein and that on that day he sold the same to Lucie Wilson, and in part payment for it took her and her husband, Thomas Wilson's, notes for the sum of 6136.87 dollars, secured by mortgage on the real estate then sold. On the 7th of February, 1876, the Wilsons sold said real estate and furniture to the orator, who, as a part of the consideration for his purchase, assumed and agreed to pay to Warner the amount then due on the notes given by the Wilsons to him and secured by the mortgage given by them on the 19th of May, 1874. On the 2d of October, 1876, the orator, having paid nothing on the debt due to Warner, sold and conveyed the property real and personal to Doras L. Spaulding & John E. D. Colby, they agreeing to assume and pay the aforesaid debt to Warner. Warner instituted proceedings to foreclose his mortgage and obtained a decree, which expired on the 2d of April, 1878. Warner died about the 1st of May, 1877, and his wife, the defendant, was appointed administratrix, and as heir and purchaser became owner of the entire estate. The defendant acquired title to an undivided half of the furniture in controversy on the 11th of December, 1878, and has ever since had the exclusive possession of the whole of it; the orator acquired the title to the other half in March, 1884. Commissioners were appointed upon Warner's estate, and the orator presented before them a large claim, consisting of notes and accounts, and the administratrix presented in offset a claim against him consisting of notes and accounts. The commissioners found and reported a balance due to the orator of 346.30 dollars. An appeal was taken from that allowance.

Upon the hearing before the referees by whom the case was heard, the administratrix, in addition to the claims presented by her before the commissioners, presented a claim that the

Summit House property received by her upon the decree was less in value than the debt that the orator assumed and agreed to pay ; and the referee found that the property so obtained was worth less than the mortgage debt assumed by the plaintiff by a much larger sum than 346.30 dollars ; and that if the difference in the value of the property obtained under the decree and the debt assumed by the plaintiff could be offset against the plaintiff's claim, there was nothing due from the defendant. Judgment was rendered on the report for the defendant. The case passed to the Supreme Court, and is reported in 52 Vt. Rep. p. 29 ; and the judgment was affirmed. It was there settled that the claim made by the administratrix was of such a character that it could properly be offset against any claim made by the plaintiff, and that the Probate Court had jurisdiction over the subject ; so that a judgment might have been rendered in favor of the estate for any balance that might have been found due. Sec. 2127, R. L., requires that when a creditor, against whom the deceased had claims, presents a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain and allow the balance for or against the estate, as they find the same to be. In *Probate Court, Squires, Prosecutor*, v. *Gale*, 47 Vt. 473, it is said that it seems to have been the intention of the statutes to require all claims between estates and claimants to be adjusted by the commissioners, and claims not presented to and acted upon by the commissioners are by the omission barred from being claims that are enforceable for or against the estate afterwards. The claim set out in the defendant's pleas has once before been before a court of competent jurisdiction, where it might and should have been adjudicated ; and it appears that the claim made in those pleas has been in part satisfied by the previous judgment. The defendant is estopped by her neglect from insisting that the claim described in the pleas can be set up as an offset in this suit. It is never allowable to thus divide up an entire claim to suit the convenience or necessity of the party asking it.

The case was heard by the chancellor upon the pleadings and report and an order was made that the orator recover of the defendant one half of the value of the furniture at the time it was purchased by him and a certain sum for the use of the same; and a question is made as to the propriety of the order.

The rules and proceedings which obtain at common law and which are provided by statute on the subject of partition relate exclusively to real estate. But where there is an inadequacy of legal remedy or there is an absence of it, a court of equity has jurisdiction, and, where a partition is not practicable, will order a sale. 3 Pomeroy Eq. Jur. sec. 1391.

It is by reason of the want of legal remedy that the orator has sought the aid of a court of equity. The first question to be determined in this court is to ascertain if the property is of such a character and so situated that it can be divided, and if it can be, to order a division to be made, and that an account be taken to ascertain what should be paid for the use of the same; and if the property can not be divided, to order a sale and the proceeds equitably divided.

We can not find any warrant in the law to justify a decree that one co-tenant of property owned in common should pay his co-tenant for his interest in the common property, until it is ascertained that it is impracticable to divide it. In the view we have taken of the case it is not necessary to consider the question of the admissibility of the evidence of Colby.

The decree of the Court of Chancery is reversed, and cause remanded with mandate that it be referred to a master to ascertain and report the character and situation of the furniture described in the bill, and if it is practicable to make a division of the same; and if so, how it should be divided, and what sum the defendant should pay for the use of the orator's portion of it during the time it has been in the possession of the defendant, and for any loss or destruction of the same.