## ALPHEUS S. BLISS v. D. D. LITTLE'S Adm.

*Estates of deceased persons. Exhibiting claims in favor of estate to commissioners.*

1. When a person presents a claim against the estate of a deceased person to the commissioners on such estate for allowance, it is the duty of the administrator to exhibit in offset thereto all claims in behalf of the estate against such person, and any claim not so exhibited cannot subsequently be enforced against him ; and it makes no difference in this respect that the claim against the estate is wholly disallowed by the commissioners.

2. Such a claim cannot be applied *pro tanto* in payment of the distributive share due the debtor as an heir of the estate.

Appeal from a decree of the Probate Court distributing the estate of Daphna D. Little. Trial by court at the September term, 1889, Washington county, Ross, J., presiding. The court affirmed the decree of the Probate Court, to which the appellant excepted.

The case appears in the opinion.

*J. A. Wing*, for the appellant.

The notes are barred by the neglect of the administrator to exhibit them in offset before the commissioners. *Probate Court v. Gale*, 47 Vt. 473 ; *Stearns v. Stearns*, 30 Vt. 213, 217, 218 ; *Allen v. Rice*, 22 Vt. 333.

*S. C. Shurtleff*, and *Dillingham & Huse*, for the defendant.

The administrator was not bound to present these notes in offset. The appellant had no claim against the estate, for the claim which he presented to the commissioners was wholly disallowed by them, and their decision unappealed from is conclusive. It is only when there is a claim *against* the estate that the administrator is bound to exhibit claims *in favor* of the estate for offset.

R. L. s. 2127 ; R. St. s. 8, p. 278 ; *Allen* v. *Rice*, 22 Vt. 333.

The opinion of the court was delivered by

TYLER, J.   The following facts appear in the agreed statement and in the finding of the court below :   The appellant on the 28th of September, 1857, gave his mother, Daphna D. Little, four promissory notes of $300 each, payable in one, two, three and four years from date, respectively, at annual interest, and a mortgage on a farm in Calais to secure the payment thereof.   Mrs. Little died July 1, 1886, and an administrator and commissioners were appointed upon her estate.   The plaintiff and Mrs. Hutchinson are the only heirs.   The plaintiff presented a claim exceeding the sum of $100 against the estate to the commissioners, who disallowed it and no appeal was taken.   The notes in controversy were not presented by the administrator in offset to the plaintiff's claim.   The statute of limitations had run upon the four notes before Mrs. Little's decease, although several payments had been made upon them.   The administrator brought a petition to foreclose the mortgage and obtained a decree at the September term, 1887.   The case was referred to a master to ascertain the sum due, and he reported that the amount due upon the notes was $4,185.05, one-half of which was called the sum due in equity, for which a decree was granted and which equalled the value of the farm at that time.   The plaintiff did not appear at the hearing before the master and did not appeal from the decree.   In September, 1888, the administrator rendered to the Probate Court his final account, which showed a sum in his hands of $3,529.81 in money, to which he added the remaining half of the amount of the four notes against the plaintiff, which was $2,193.29, making the sum of $5,723.10 for distribution. The Probate Court decreed this half of the amount of the notes to the plaintiff towards his share of the estate.   The plaintiff appealed from this decree and the case comes here on exceptions to the judgment of the County Court affirming the decree.

The plaintiff insists upon two grounds that his notes constituted no part of the estate and should not have been applied in payment of his share therein : 1st, that the statute of limitations had run upon them before Mrs. Little's decease ; 2d, that if they were evidence of an existing indebtedness from him to the estate they were forever barred in consequence of not having been presented by the administrator in offset to the claim that the plaintiff presented to the commissioners.

The plaintiff presented a demand against the estate, but the case discloses nothing respecting its character. It cannot be assumed that it was fictitious nor otherwise than such as R. L. 2125 provides may be presented. That section is as follows : "A person having a claim against a deceased person, proper to be allowed by the commissioners, who does not, after publication of the required notice, exhibit his claim to the commissioners as provided in this chapter, shall be barred from recovering such demand, or from pleading the same in offset in any action."

It cannot be maintained that the plaintiff was not a creditor within the meaning of the statute. He assumed to be a creditor and for anything that appears in the case presented his demand in good faith for allowance and whatever its character, it seems to have received "a full hearing" by the commissioners before its disallowance. In *Stearns* v. *Stearns*, 30 Vt. 213, the plaintiff exhibited demands against the estate and the administrator exhibited notes in offset to them. Upon trial in the County Court, where the case went by appeal, nothing was found due the plaintiff upon his declaration in book account, yet it was held that the estate was entitled to a judgment upon the administrator's plea in offset for the amount found due the estate.

If the argument for the defence were sound that the plaintiff's demand was not a "claim" within the intendment of the statute for the reason that it was disallowed, it would necessarily follow that an administrator would in no case be bound to exhibit claims of the estate in offset until the validity of the creditor's

demand was established, which clearly is not the meaning of the statute.

The administrator held these notes which were *prima facie* evidence of an indebtedness from the plaintiff to the estate. It is true that by reason of the statute an action at law could not have been maintained upon them, neither could they have been offset against the claims which the plaintiff presented against the estate, provided he had chosen to avail himself of the statutory bar. The statute of limitations does not operate of its own force to extinguish a debt; it only prescribes the time within which an action shall be commenced for its recovery. It is to be set in motion. It is a barrier to be interposed against the prosecution of an action. It relates to the remedy, not to the obligation itself, which continues to exist notwithstanding the fact that the right of action upon it is barred.

We think the plaintiff's second premise sufficient for the decision of this case. The presentation of a claim by him gave the commissioners jurisdiction of all claims of the estate against him. If the administrator claimed anything for these notes it was his duty to have presented them, so that upon any proper plea, the question of their validity might have been determined by the commissioners, who constituted a tribunal in which the plaintiff had a right to have them adjudicated. The obvious purpose of the Legislature in the enactment of this statute was to furnish, in the Probate Court, a tribunal for the settlement of estates and the ascertainment of the amount for distribution. Section 2127 is explicit; it leaves nothing for inference; it declares that the administrator shall exhibit the claims of the deceased in offset to the creditor's claim, for the manifest purpose of having mutual claims adjusted by the commissioners and facilitating the settlement of estates. "When a creditor, against whom the deceased had claims, presents a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain

and allow the balance for or against the estate as they may find the same to be."

In *Probate Court* v. *Gale,* 47 Vt. 473, the court said that, "It seems to have been the intention of the statute to require all claims between the estate and claimants to be adjusted by the commissioners, and claims not presented to and acted upon by the commissioners are, by the omission, barred from being claims that are enforceable for or against the estate afterwards;" *Ewing* v. *Griswold,* Executor, 43 Vt. 400; *Spaulding* v. *Warner,* 59 Vt. 646; Rob. Dig. 567.

The conclusion is unavoidable, that by the failure of the administrator to exhibit the notes in offset to the plaintiff's claim they were barred for all purposes as demands against the plaintiff and could not be applied in payment, *pro tanto,* of his share of the estate.

*Judgment reversed and judgment that said sum of $2,193.-29, parcel of the amount of the plaintiff's notes mentioned in the record, cannot be decreed to him towards his share of the estate; this judgment to be certified to the Probate Court.*