A. W. KENNEY AND FRANCES E. DOWNER, EXRS.,

v.

AUSTIN HOWARD.

JANUARY TERM, 1895.

*Settlement of the estates of deceased persons.    Commissioners for the allowance of claims.    When executor may prosecute action at law.    What claims are barred by adjudication of commissioners.    Plea to the jurisdiction.    By whom signed.*

1.    A creditor may withdraw his claim presented to commissioners upon the estate of a deceased person at any time before it has been acted upon.

2. The probate court has no jurisdiction of claims in favor of an estate except in the way of an offset to claims presented against the estate, and the executor or administrator may commence and prosecute a suit at law in favor of the estate under R. L., s. 2131, until the debtor has presented a claim against the estate, and that claim has been acted upon by the commissioners.

3. After an executor or administrator has properly begun an action at law upon a claim in favor of an estate, all proceedings in the probate court in respect to that claim or any offsets thereto are suspended.

4. A plea to the jurisdiction of a court of general jurisdiction must allege not only that the court in question has no jurisdiction, but also that another court has.

5. A plea to the jurisdiction must be signed by the defendant in person, and not by his attorney.

6. A plea setting up a judgment in bar need not allege that such judgment is still in force.

7. A plea to an action brought in the name of executors, setting forth that "long before the beginning of the suit" the matters were adjudicated by commissioners upon the estate, states the date of the judgment with sufficient definiteness.

8. When several statements of fact are connected by the conjunction and, one allegation of time applies to all.

9. If a creditor presents his claim against an estate to commissioners, and the executor thereupon presents claims in favor of the estate in offset, and the commissioners act upon the matters so before them, *all* actions at law between the parties are thereby barred as by an adjudication, and a plea of this judgment in bar of a suit subsequently brought by the executor need not allege that the matters embraced in such suit were specifically passed upon by the commissioners.

Assumpsit. The defendant filed two pleas. Heard upon general demurrer to the same at the December term, 1893, Windsor county, START, J., presiding. Demurrer sustained. The defendant excepts.

The first plea was to the jurisdiction, and was as follows :

"And the said defendant by his attorneys, D. C. Dennison & Son, comes and says that the court here ought not further to take cognizance of or sustain the action aforesaid,

because he says that the cause of action aforesaid, if any ever accrued to the plaintiffs, is solely within the jurisdiction of the Hon. Probate Court within and for the district of Hartford, in said county of Windsor, and is not within the jurisdiction of said court, and this he is ready to verify; wherefore he prays judgment if the court here will take further cognizance of or sustain the said action, and for his costs.         By his attorneys, D. C. Dennison & Son."

The second plea was in bar, and its substance is sufficiently stated in the opinion.

*D. C. Dennison & Son* for the defendant.

*J. J. Wilson* for the plaintiffs.

The plea to the jurisdiction should be signed in person and verified by oath. Gould, Pl., ch. 5, s. 27; 1 Chitty, Pl., pp. 441–444 (12th Am. Ed.).

The executors might bring suit at any time before the claim of the defendant had been acted upon. *Ewing* v. *Griswold*, 43 Vt. 400; *Soule* v. *Benton & Wilson*, 44 Vt. 309; *Sabin* v. *Kelton*, 54 Vt. 283; *Martin* v. *White & Hammond*, 58 Vt. 398; *Bliss* v. *Little*, 63 Vt. 86.

The plea should state that judgment was recovered upon the merits. *Swift* v. *Hamblin*, Bray. 189.

THOMPSON, J.   The first plea to which the plaintiffs demurred is to the jurisdiction of the county court. It only alleges that the cause of action, if any, is solely within the jurisdiction of the probate court within and for the district of Windsor, and not within the jurisdiction of the county court.

The probate court, by the appointment of commissioners to receive, examine, and adjust all claims and demands of all persons against an estate, and all claims and demands exhibited in offset thereto, does not thereby acquire jurisdiction of claims in behalf of the estate, except as offsets t-

adversary claims; and if a creditor of the estate who has presented his claim before the commissioners withdraws it, as he may, before the commissioners have acted upon it, their jurisdiction over any claim presented in offset thereto by the executor or administrator is taken away. *Allen* v. *Rice*, 22 Vt. 333 ; *Moore* v. *Batchelder*, 51 Vt. 50. If a creditor of the estate presents his claim to the commissioners for allowance, and the estate has claims or demands at law against him, which accrued to the deceased in his life, and the executor or administrator has not commenced an action thereon against the creditor as permitted by R. L., s. 2131, the probate court then, and not until then, has jurisdiction of claims or demands at law in behalf of the estate against such creditor. Before the probate court has thus acquired such jurisdiction, the county court has jurisdiction of claims in behalf of the estate, if they are of the character and amount to bring them within its general jurisdiction ; and it retains such jurisdiction until commissioners have been appointed, and the creditor has presented his claim against the estate for allowance, and they have acted thereon. In other words, to oust the county court of such jurisdiction, commissioners must have been appointed on the estate, and the creditor of the estate must have presented his claims against the estate to them for allowance, and they must have acted thereon before the commencement of an action in the county court by the executor or administrator as permitted by R. L., s. 2131. *Sabin* v. *Kelton*, 54 Vt. 283 ; *Martin* v. *White & Hammond*, 58 Vt. 398. In the opinion of the court in the last cited case, delivered by Ross, J., it is said that R. L., s. 2131, "provides that the administrators or executors may commence a suit on such a claim, and attach property at any time *before* such party shall have presented his claim to the commissioners." It is sufficient to say that this language of the court in that case is not the language of this section, nor of the context, of the Revised

Laws.    However, that case is not to be taken  as in conflict with the  rule which we  have  stated, as that suit was commenced  before  the  defendant  therein  presented his claim against the estate to the commissioners, and the language of the court is to be taken  as  intended to apply to the facts in that case.

If  an  executor or administrator commences  an  action to recover a debt or claim in favor of  the  estate against a person  having a claim or demand  against  it, either before or after such person has  presented it to the commissioners for allowance, and before they have acted thereon, the jurisdiction of the probate court in respect to the claims or demands of  either party, is ousted by the commencement and  pendency of  such action, and  all  proceedings thereafter in the probate court during the pendency of such action, in respect to the claims or demands of either party, are absolutely void. *Martin* v. *White & Hammond,* 58 Vt. 398 ; *Sabin* v. *Kelton,* 54 Vt. 283.

The county court is a court  of  general  jurisdiction.    In the case at bar, it primarily had jurisdiction of the parties, the process and the  subject  matter, from which it could be ousted  only  as before  stated.   It is a  general  rule  that  a plea to the  jurisdiction of  a court of  general  jurisdiction must not only show that it has not jurisdiction, but must also show that another court has  jurisdiction.    *Doe ex dismiss.    Rust* v. *Roe,* Burr. 1047 ;  Gould Pl., ch. 5, s. 26. Under our peculiar system of probate law, and the special jurisdiction thereby conferred under certain  circumstances upon the  probate  court  to  try  and  determine  claims  in favor of  the  estates  of  deceased  persons against  persons presenting claims against such estates before commissioners, we think a plea of this kind should allege such facts as show that it has such  jurisdiction, and that failing to do this, it is bad for want of  substance.    The  plea under  consideration contains no such allegations.

This plea is also bad for the reason that it is signed by the defendant's attorney, and not by the defendant *in person*. "A plea to the jurisdiction must be signed by the defendant *in person*. For if signed by an attorney, who is an officer of the court, he is supposed to have signed by *leave* of the court; and the asking of leave is considered as a tacit *admission* of the jurisdiction." Gould Pl., ch. 5, s. 27.

It is not necessary for us to consider the other grounds of objection urged against this plea, as it already appears that the court below properly sustained the demurrer to it.

II.   The second plea to which the plaintiff demurred professes to be a plea in bar. It alleges that "long before the beginning of this suit" Chester Downer deceased, and that the plaintiffs were duly appointed administrators of his estate, and accepted the trust and gave bonds; that commissioners were then and there duly appointed to receive, examine, and adjust all claims and demands of all persons against the estate, and all claims and demands exhibited in offset thereto; that the commissioners gave due notice of the time and place, when and where they would hear such claims; that the defendant appeared before the commissioners and exhibited his claim against the estate, and that the plaintiffs contested the same, and presented large claims in offset thereto; that a large balance was allowed the defendant against the estate by the commissioners, and by them reported to the probate court, and judgment was rendered thereon by it against the estate in favor of the defendant.

It is urged that this plea is bad because it does not allege that the judgment of the probate court still remains in full force, and not reversed, satisfied, or made void. Such an allegation is not necessary. If a judgment set out in a plea does not remain in full force, the other party may show it in the replication.   1 Saund. (6th ed. by E. V. Williams), 330, note 4.

It is further contended that the plea is bad because it does not state with sufficient precision the time when the judgment was rendered. After the formal part of the plea, the first allegation is that of time, viz., "long before the beginning of this suit," and then follow the other allegations, all of which are connected by the conjunction *and.* This is the only allegation of time in the plea, and applies to each fact alleged "according to the rule, that when several facts are stated in one continuous sentence, or in several sentences connected by the conjunction *and*, time, though alleged but once, applies to every fact." *Taylor* v. *Welsted*, Cro. Jac. 443; 1 Chit. Pl. 258; *Royce* v. *Maloney & Goff*, 58 Vt. 437. This is sufficient on general demurrer.

The plaintiffs also insist that this plea is bad because it does not allege that the judgment was recovered for the non-performance of the same identical promises or undertakings named in the declaration, and because it does not allege that the judgment was recovered on the merits of the case. In thus arguing, the plaintiffs mistake the nature and effect of this plea. It is not a plea of a former recovery by the plaintiffs on the same identical causes of action, but it is more far reaching than such a plea, because it goes to their right of recovery without regard to whether there has been a former recovery or not.

There are no pleadings nor forms of actions in proceedings before commissioners, and there is no way in which a judgment can be rendered by them except upon the merits of the claim or demand.

Commissioners having been appointed upon an estate, if a creditor thereof exhibits his claim against it to them for allowance, the executor or administrator must present all claims at law against such creditor in favor of the estate to the the commissioners for allowance in offset, or must commence and prosecute an action to recover the same against such creditor as permitted by R. L., s. 2131, before the commis-

sioners have acted upon the claim of the creditor against the estate, otherwise such claims of the estate against him are forever barred.   R. L., ss. 2125, 2127;   *Probate Court* v. *Gale*, 47 Vt. 473; *Sabin* v. *Kelton*, 54 Vt. 283; *Spaulding* v. *Warner*, 59 Vt. 646; *Bliss* v. *Little's Admr.*, 63 Vt. 86. The plaintiff's declaration is in general assumpsit with special counts on notes, and sets forth causes of action predicated upon claims against the defendant which should have been presented to the commissioners in offset unless this suit was commenced before the commissioners had acted upon the defendant's claim presented against the estate.   This plea alleges that the entire proceedings before the commissioners and in the probate court in respect to the defendant's claim, were had before the beginning of this suit, and the demurrer admits the truth of all the allegations of the plea well pleaded in substance.   If the claims upon which the plaintiffs seek to recover in this action were presented before the commissioners and allowed in offset, they were then adjudicated, and this action cannot be maintained for their recovery; and if they were not thus presented, they are forever barred by reason of the failure to so present them. Hence, the plea sets forth a good defence to the plaintiffs' action.

*Judgment as to the first plea affirmed.*

*Judgment sustaining the demurrer to the defendant's second plea, filed February 17, 1893, is reversed, and demurrer as to that plea overruled, plea adjudged sufficient, and cause remanded.*