DOWNER AND KENNEY, executors, *vs.* AUSTIN HOWARD.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*Jurisdiction—Estoppel.*

When an executor begins his action before the defendant's claim against the estate has been acted upon by commissioners, the jurisdiction of the common law court is exclusive, and he may insist upon it although, since the bringing of his action, he has contested the defendant's claim before the commissioners.

Assumpsit.   Heard on an agreed statement at the May Term, 1896, Windsor County, *Tyler*, J., presiding.  Judgment for the plaintiff.  The defendant excepted.

The commissioners made their report to the probate court August 15, 1892, finding a balance due to the defendant, for which judgment was there rendered in his favor.  The other facts appear in the opinion.

*D. C. Denison & Son* for the defendant.

*J. J. Wilson* for the plaintiff.

Start, J.   It appears from the agreed statement of facts, that Chester Downer and the defendant, Austin Howard, were formerly partners;  that Chester Downer deceased February 19, 1890;  that commissioners on his estate were appointed and held their first meeting June 25, 1890;  that the defendant presented a claim to the commissioners, but no hearing was had before them until July, 1891;  that the only matter investigated by the commissioners was the standing of the book accounts between the parties;  and that the notes in question were not presented to the commissioners.   Chester Downer, at the time of his decease, held three notes against the defendant;  and, on the 8th day of October, 1890, the plaintiffs brought this suit declaring on these notes, and secured the same by attachment.

The defendant insists that the plaintiffs are estopped from prosecuting this suit, by reason of their appearing before the commissioners and adjusting the accounts of the parties.   When this case was before us on demurrer to the defendant's pleas, it was held, that, when an executor or administrator commences an action to recover a debt or claim in favor of the estate against a person having a claim or demand against it, either before or after such person has presented his claim to the commissioners for allowance, and before they have acted thereon, the jurisdiction of the probate court in respect to the claims or demands of either party is ousted by the commencement and pendency of such action;

and that all proceedings thereafter in the probate court, during the pendency of such action, in respect to the claims or demands of either party, are absolutely void. *Kenney and Downer, exrs., v. Howard,* 67 Vt. 375. It appears from the agreed statement of facts, that this suit was commenced before the commissioners acted upon the defendant's claim, and was pending in the county court when a hearing was had before them. Therefore, the county court had exclusive jurisdiction of the respective claims of the parties; and the claim sought to be recovered is not barred by reason of anything that transpired before the commissioners, or the probate court. Nor are the plaintiffs estopped from prosecuting this action by reason of their appearing before the commissioners, who acted without jurisdiction, and contesting the defendant's claim. The judgment of the court below was correct. As the parties have, by their stipulation, reserved the right to litigate other questions raised by the pleadings, the judgment will be reversed *pro forma,* to enable them to do so.

> *Judgment reversed pro forma, and cause remanded, with costs to the plaintiffs.*